### James Cook v. The State.

#### No. 108.　Decided April 12.

1. **Theft—Confessions.**—Where a confession is made, but at the time the accused is not under arrest or in confinement, the common law rule controls, and to be admissible in evidence it must appear that the confession was voluntary and not obtained by improper influences, nor by threats or promises of such a character as may have influenced the accused to make it.

2. **Same.**—Where it appeared that the prosecutor stated to the defendant, that parties had seen him take the goods, and that he would be prosecuted if he did not settle at once, which statement was untrue, but appellant, induced thereby, in order to stop prosecution, settled at a price below a felony theft, *held*, on a subsequent trial for felony, that the confession was not voluntary and should have been excluded.

3. **Same.**—Where it is made to appear that a confession was obtained by false statements of the prosecutor, or by fraud, it ought to be excluded.

Appeal from the District Court of De Witt. Tried below before Hon. James C. Wilson.

Appellant was indicted for the theft of wearing apparel of the value of over $20, and at his trial was found guilty as charged, with his punishment assessed at two years in the penitentiary.

The facts are sufficiently stated in the opinion.

*Baker & Sumners, Pleasants & Bailey,* and *Price & Green,* for appellant.—The court erred in admitting Thrift's testimony as to defendant's confession to him, because it was induced by fraud, threats, and promises, calculated to unduly influence defendant.

Thrift testified: I told Scarborough to tell defendant that my wife and Tommie Woodrome had seen him take the goods, and that the best thing he could do would be to come and settle up; that if he did not I would certainly prosecute him. Scarborough testified: I went home and told defendant what Thrift said, and sometime afterwards he (defendant) and I went to Thrift's store, and defendant told Thrift what goods he had taken. Defendant was not under arrest and did not come within the conditions fixed by article 750, Code Criminal Proceedure. Code Crim. Proc., art. 750. The common law rule applies. Womack v. The State, 16 Texas Cr. App., 178; Warren v. The State, 29 Texas, 369; Weller v. The State, 16 Texas Cr. App., 200; Neeley v. The State, 27 Texas Cr. App., 325; Searcy v. The State, 28 Texas Cr. App., 514; 1 Greenl. Ev., 13 ed., sec. 219; Whart. Crim. Ev., 8 ed., secs. 650, 651; Roscoe's Crim. Ev., 17 ed., p. 40 et seq., and notes.

*R. L. Henry,* Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was convicted of the theft of property of the value of $20, and sentenced to two years in the penitentiary, from which he appeals.

Appellant complains that the court erred in permitting his confession to go to the jury, because not freely or voluntarily made. The bill of exceptions shows that Thrift, the merchant whose goods were stolen, sent word to defendant that he had better come down and settle; that his (Thrift's) wife and a boy in the store had seen defendant in the store taking the goods, and it would be better for him to come in and tell what he got, and pay for them, and unless he did it, he (Thrift) would certainly prosecute him. On the following night appellant came to Thrift's store and confessed he had taken the goods to the value of $18, which he enumerated, and compromised with Thrift for $17. He denied getting any other goods than those enumerated. As a matter of fact the message sent by Thrift to appellant, about his being seen taking the goods, was untrue, and, outside of the statement of appellant, Thrift was unable to identify the kind or value of the property stolen, except a few articles of clothing he recognized upon appellant before he sent him the message

"to come and settle," which articles were not included in the list enumerated by appellant. As this confession was not made under arrest, nor in confinement, the common law rule controls, to-wit, to be admissible, the confession must be voluntary, not obtained by improper influences, nor by threats or promises of such a character as may have influenced the person making the confession. Willson's Crim. Stats., sec. 2469; 1 Greenl. on Ev., 219; Clayton's case, 31 Texas Cr. Rep., 489.

The confession was by no means voluntary. Misled by the statement, which was untrue, that he had been seen to take the goods, and would be prosecuted if he didn't settle at once, appellant became extremely anxious to stop the prosecution, or only be prosecuted for a misdemeanor, and settled at a price below a felony theft. This confession was not voluntary, and should have been excluded. We concede that the cases excluding confessions on the ground of unlawful inducement have gone too far in the protection of crime (Reg. v. Reeve, 12 Cox, Criminal Cases, 179), and that too frequently justice and common sense have been sacrificed on the shrine of mercy in the rulings of courts, and that judges, of late years, are reaching this conclusion (Taylor on Evidence, 807). Still, where it appears that a confession like the one at bar was obtained by false statements of the prosecutor, or by fraud, it ought to be excluded. For the error of the court in admitting the confession, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.