SIMON SPENCER v. THE STATE.

No. 3102.   Decided October 25, 1905.

**1.—Murder—Charge of Court—Self-Defense.**

See opinion for facts which hardly warranted a charge on self-defense, the testimony showing that it was secret homicide.

**2.—Same—Indictment—Constitutional Law—Endorsement.**

The omission of the article "the" in the constitutional form and beginning of an indictment for murder is not a valid objection thereto. The names of State witnesses need not be endorsed on indictment.

**3.—Same—Jury and Jury Law—Practice in District Court.**

On a trial for murder where three or four of the jurors on the special venire were at the time defendant's case was called, out, deliberating on another case, there was no error in proceeding with the testing of other jurors in the meantime, and then passing upon the first jurors who had come into court in the meantime and who all qualified but were peremptorily challenged by the State.

**4.—Same—Special Venire.**

On a trial for murder where the record showed that twenty-four of the jurors on the venire of forty were summoned and in attendance on the court, and a number of the others had been excused and some not found, there was no error in the court's refusal to quash the venire.

**5.—Same—Evidence—Confession—Fraud.**

On a trial for murder there was no error in admitting in evidence the confession of defendant to a witness, a detective, who had induced defendant to make such confession upon the pretention of the witness that he had committed

various crimes and killed people, in order to gain the confidence of defendant and to secure the confession from him, there being no duress or coercion, and the bones of deceased being found where defendant said they could be found.

**6.—Same—Argument of Counsel—Harmless Error.**

On trial for murder where the case was so clearly made out by the evidence that the jury could not have done otherwise than assess the death penalty, notwithstanding the inflammatory and extraneous appeals of the district attorney the verdict will not be set aside, although such conduct of prosecuting attorneys is criticised by the court, and should not be indulged in by prosecuting officers.

Appeal from the District Court of Nacogdoches. Tried below before Hon. James I. Perkins.

Appeal from a conviction of murder in the first degree; penalty, death.

The opinion states the case.

*Adams & Middlebrook,* for appellant.—On question of argument of counsel: Habel v. State, 38 Texas Crim. Rep., 588; Young v. State, 19 Texas Crim. App., 536; Walker v. State, 13 S. W. Rep., 860; Rahm v. State, 17 S. W. Rep., 416; Lancaster v. State, 35 S. W. Rep., 165; Kugadt v. State, 38 Texas Crim. Rep., 681.

*Howard Martin,* Assistant Attorney-General, for the State.—On question of confession: Cook v. State, 32 Texas Crim. Rep., 27.

HENDERSON, JUDGE.—Appellant was convicted of murder in the first degree, and his punishment assessed at death; hence this appeal.

The court submitted murder in the first and second degrees, and the law applicable to self-defense. We do not understand any exception was reserved to the charge of the court. In fact, the charge on self-defense, although favorable to defendant, was hardly warranted by the testimony. The case here shown by the State was that of a secret homicide, committed by appellant on deceased, no person being present except appellant and deceased. The confessions of appellant show that he and deceased were engaged in a game of cards, and on his suggestion they moved farther down into the brush, and as deceased walked along before appellant, the latter picked up a seasoned stick and struck him over the head, felling him to the earth, and then beat him to death, although deceased was begging for mercy. In this connection it is further shown that the motive for this homicide was robbery: deceased having won appellant's horse and money in a gambling transaction. After the homicide appellant is shown to have concealed the body by burying it in the bed of the creek. In pursuance of his confession, the body was subsequently found and disinterred. The skull was shown to have been crushed, and the shirt and handkerchief, known to have been the property of deceased, were reasonably identified; also a pair of cuff buttons. Appellant himself testified, and his testimony is hardly variant from that of his confession introduced in evidence.

Appellant made a motion to quash the indictment, on the ground,

that it begins "In the name and by the authority of the State of Texas," whereas the Constitution requires that the indictment begin "In the name and by authority of the State of Texas," leaving out the article, "the." The insertion of this article "the" does not add to, or in the least vary the sense and meaning of the constitutional requirement. The court did not err in refusing to quash on this ground. Nor was it necessary that the names of the witnesses upon whose testimony the indictment was found should be endorsed on the back thereof.

Appellant excepted to the action of the court in the empanelment of the jury to try the case. It seems that three or four of the jurors on the special venire were at the time appellant's case was called, out, deliberating on another case. When their names were reached appellant insisted on having them before the court. This the court declined to do, and was proceeding with the testing of other jurors. In the mean time the jury that was out came in with a verdict and were discharged. They were then placed in the box. To which appellant objected, and their qualifications tested. Each qualified, but were all peremptorily challenged by the State. In this there was no error.

In another bill appellant asked that the venire be quashed, because only twenty jurors had been summoned on the venire of forty, and as, he alleges he had not had one day's service of the venire. This latter proposition is not supported by any evidence. The court shows that twenty-four of the jurors on the venire of forty were summonded and in attendance on the court. A number of the others had to be excused and some not found. There was no error in the court's refusal to quash the venire.

Appellant objected to the introduction of his confession through the witness Irvine Williams, on the ground that it was induced by fraud, the witness pretending that he had committed various crimes, among others, had killed people. This was made by witness (who was a detective ) in order to secure the confidence of appellant and to gain the confession from him. This is not such a fraud as would vitiate the confession. There was no duress offered: nor coercion. Not only did appellant disclose to the detective a murder, but he told him where the bones of the body were buried, and these were found in pursuance of said statement or confession. This is not like the case of Cook v. State, 32 Texas Crim. Rep., 27. There the fraud practiced on appellant was with reference to the crime itself. The witness pretended to have seen him take the goods, and told him he would be prosecuted if he did not settle for them at once. This statement was untrue, but appellant was induced thereby in order to stop prosecution, to settle at a price below a felony theft. The court held this confession was not free and voluntary, but made on account of the false statement of the witness, which bore on the offense itself, and it was held vitiated it. Here the witness did not pretend to have seen the murder of deceased, or to know anything about it, but merely by boasting of his own prowess

as a criminal and murderer secured the confessions of appellant to him of the murder of the deceased.

We have examined the court's charge relating to appellant's confession and authorizing the jury under certain circumstances not to consider the same. We think the charge not subject to appellant's criticism.

Appellant's bills numbers 6, 7, 8, 10 and 11 all relate to arguments of the district attorney in the prosecution of the case, which are charged not to have been warranted by the record; to be inflammatory and prejudicial to appellant. These certain expressions of the district attorney were objected to, and charges asked of the court instructing the jury to disregard the same. The district attorney in his closing argument to the jury said, "You were put upon notice when you were asked, if you had conscientious scruples against assessing the death penalty for crime, that the State would bring before you a statement of facts that would require you to write a verdict assessing the death penalty. Will you do your duty, and write the death penalty? If you refuse to write the death penalty, you need not be surprised if the annals of Nacogdoches County are written in blood." And again, "If you turn this negro loose, or give him life in the penitentiary, you ought to get up a petition of the citizens of this county, petitioning the Legislature that Nacogdoches County be exempted from the hanging statute." Again he charged appellant with robbing deceased of his horse; and further that defendant, like the hyena was not satisfied with killing Isaiah Mayfield, but cut him open and let the buzzards help hide the crime. "If you fail to write the death penalty, you cannot complain of murder in this county." It was in evidence that appellant lost his horse in the game with deceased, and his motive in killing him was to regain his lost property. It was also in evidence that he cut deceased open to let his entrails out in order that the buzzards and dogs might eat him, so as to escape identification. The district attorney was authorized in a proper manner to allude to these facts and to insist on a verdict inflicting the death penalty. However, he was not authorized to refer to outside influences in order to induce the jury to render such a verdict. He should not have stated that in case the jury refuse to visit the death penalty that the jury ought to get up a petition of the citizens of the county to the Legislature exempting Nacogdoches County from capital punishment. Nor to attempt to frighten the jury into the death penalty by stating if they refused to visit it on appellant that they need not be surprised if the annals of Nacogdoches County should be written in blood. These extraneous appeals have frequently been criticised by this court, and such appeals should not be indulged in: especially in a case in which the death penalty is invoked. However, the case here presented is so clearly made out, that we cannot see how the jury could have done otherwise than assess the death penalty; and notwithstanding the inflammatory and extraneous appeals of the district attorney we do not believe the same was calculated to influence the jury or to wring from them a verdict which the facts of the case did not

fully justify. There being no error in the record, the judgment is affirmed.

*Affirmed.*