## BILL McENTIRE v. THE STATE.

No. 22059. Delivered April 8, 1942.

The opinion states the case.

*Robert P. Brown,* of San Angelo, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged with an assault to murder, and upon trial he was convicted of an aggravated assault and assessed a penalty of one year in the county jail.

The statement of facts shows that on the night of February 9, 1941, at a dine and drink cafe, appellant cut Claude Littleton with a knife five times. Evidently such wounds were serious because of the fact that blood filled the lungs of the injured person; he was bleeding externally and internally, and he was taken to a hospital where an operation was performed upon him by some physicians. Appellant pleaded self-defense, which plea seemed to have been rejected by the jury.

Bill of exceptions No. 1 complains because of the asking of the following question to appellant while he was on the witness stand: "I ask whether or not you, the defendant, Bill McEntire, did not plead guilty in the County Court of Tom Green County, Texas, on or about the 11th day of March, 1937, to aggravated assault on —," at which point appellant's attorney objected and moved for a mistrial. It is evident from the bill that the State's attorney, had he been permitted to finish his question, would have added thereto the words "a woman." As a background for this question it is shown that the injured party testified that the beginning of this difficulty arose when appellant threatened to whip Littleton's father, an old man seventy years of age. Appellant denied such a threat, and upon the stand testified that he thought any person who hit an old man was pretty dirty, whereupon he was asked what he thought about a man who would hit a woman.

The last question was objected to and not answered. The trial court then instructed the jury "to disregard and not consider such question asked by the district attorney; keep it out of your mind and do not consider the last question asked by the district attorney." And a like instruction was given as to the aggravated assault question. Just prior to the aggravated assault question the bill shows the following statement of appellant: "I don't believe anybody who knows me would believe I would beat up an old man; in fact, I think anyone who would, would be pretty dirty." Then followed the question about the aggravated assault.

We think the question was probably invited by appellant's statement above quoted. In any event we feel sure that if any error, which is not asserted, the same would be cured by the trial court's prompt instruction.

Bill No. 2 is concerned with a statement of the witness Sadie Garrett, a portion of her testimony being set forth in the court's qualification to said bill, as follows:

"I saw the knife in Bill's hand; I didn't do anything when I saw the knife in Bill's hand, but began to scream and run.

"I saw Claude fall into the booth; he backed to the first booth in the cafe and fell into the first booth.

"I passed out of the front door, and it seemed to me that Claude dropped about the time I passed out the front door.

"I couldn't swear that I saw the defendant do anything, except that he just kind of covered Claude up; it seemed to me that they both kind heaped up.

"When he fell I just said 'My God, he is going to kill him,' or something like that."

The portion complained of being the last sentence of such excerpt. We think the same was clearly res gestae, and we see no error in its admission. See Branch's P. C., Sec. 87, p. 57. Again, it is said in 18 Tex. Jur., p. 302:

"The rule of res gestae is a rule determining the relevancy and not the character or probative force of the evidence, and if

the statement in question was made under the spur of the criminal transaction it is immaterial whether it was an opinion or a statement of fact or a mere exclamation."

Bill No. 3 complains of the following occurrence: According to the qualification of the bill appellant's attorney in his argument to the jury argued as one of the reasons "the defendant did not want a suspended sentence was that he had some rank in the army and that if given a suspended sentence it would reflect against his army service;" also stating that under the law defendant had a right to and could have filed an application for a suspended sentence. The argument by the district attorney, then complained of in this bill, after the above statement was made by appellant's attorney, was:

"I tell you that there are certain conditions under which a defendant would not be entitled to even ask for a suspended sentence. There is a reason, and they know it, why they did not file an application for a suspended sentence in this case against Bill McEntire."

It is also shown by the bill that appellant's attorney had also said in his address to the jury, made prior to the above statement of the State's attorney, that:

"We have not asked for a suspended sentence in this case. We did not want a suspended sentence; we want an outright acquittal and a verdict of not guilty."

We think the remarks of the district attorney complained of were invited by appellant's counsel, and overrule this bill.

Bill of exceptions No. 4 is rather involved and somewhat confusing, but we gather therefrom that the appellant was endeavoring to show that the injured party had attempted to intimidate a certain witness from testifying against him. The appellant offered a portion of a conversation between the injured party and such prospective witness, but objected to the State going into the remaining portion thereof. We think when a portion of such conversation has been inquired into by one party, the whole on the same subject may be inquired into by the opposing party. See Art. 728, C. C. P. We see no error shown in said bill.

Perceiving no error in the record, the judgment is affirmed.