Joseph JOHNSON, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 36123.

Court of Criminal Appeals of Texas.

Feb. 12, 1964.

Rehearing Denied April 1, 1964.

Second Motion for Rehearing Denied
May 6, 1964.

Joe J. Newman, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Asst. Dist. Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is murder; the punishment, death.

Our prior opinion is withdrawn and the following substituted in lieu thereof. Upon reconsideration of this case, we have concluded that it is one in which, other than the plea of not guilty, no affirmative evidence or defense was introduced by appellant. With that premise in mind, we will again review the record.

Appellant's confession, the voluntary nature of which is not questioned except as will be discussed later in this opinion, admits that he fired his pistol at the deceased as he (appellant) ran away from an armed robbery which he had just committed, in

which deceased's wife was shot. He was identified by the wife of the deceased and by one Williams, who saw him as he ran from the scene, pistol in hand. The witness Woodard testified that appellant told him, "I pulled that job that night" in referring to the robbery and death of the Chinese merchant.

Appellant did not testify and offered no testimony in his own behalf.

■ We shall discuss the contentions advanced on appeal. He first contends that the court erred in refusing him permission to use the offense report, which Officer Sudsbury had reviewed prior to taking the stand, for the purpose of cross examining him. The court offered to make available that portion of the offense report which the witness had made himself, but appellant declined such offer. Recently in Artell v. State, Tex.Cr.App., 372 S.W.2d 944, we held that the portion of the offense report which was not made by the witness was not admissible for the purpose of cross examining him. Later when Officer Thornton was called as a witness, the portions of the offense report which he had helped prepare were made available to counsel.

■ He next contends that the confession was inadmissible because after he had been placed in a line up, appellant asked if he had been identified by "the lady" and Officer Gunn answered in the affirmative, when in fact, appellant had been identified by the witness Williams. The officer testified that appellant must have assumed that it was the wife of the deceased who had identified him, but that he was referring to the Williams' identification when he answered appellant's question in the affirmative. We cannot bring ourselves to conclude that this answer of the officer would render the confession inadmissible or require the court to submit to the jury the question of its voluntary nature. Spencer v. State, 48 Tex.Cr.R. 580, 90 S.W. 638.

His complaint as to the alleged oral confession relating to identification does not present error as the same matter is contained in the written confession.

The most serious question relates to the admission of a written statement of the witness Williams made at the time he saw appellant in the line up some months after the crime. Appellant's counsel, in cross examining the witness Williams, elicited from him the fact that he usually differentiated "between a yellow skinned negro and a dark skinned negro", and that on the night of the homicide he had described appellant to the officers as being "dark skinned". He was unable to get an answer to his question, " * * * do you call a man of *this* color as a dark skinned man?" The State was then permitted to introduce the statement made by Williams.

■ We have concluded that though the cross examination of the witness may not have made admissible the statement in question, its introduction did not constitute reversible error. "While we will not, and do not, speculate as to the injury in a death penalty case, there must be some probability of injury being shown before we should reverse on an alleged error." Mouton v. State, 155 Tex.Cr.R. 450, 235 S.W.2d 645; 155 Tex.Cr.R. 450, 236 S.W.2d 499.

In the case at bar, Williams pointed out the appellant as being the man he had seen fleeing from the scene of the murder, and he testified that he had identified him in a line up. The wife of deceased also testified, identifying her assailant as being the appellant, and the witness Woodard told of his conversation with appellant after the homicide. This evidence leaves no reasonable hypothesis by which it could be said that there was some probability of injury to appellant by the introduction of a statement in which Williams merely recited the fact (already in evidence) that he had identified the appellant in the line up.

■ Appellant complains of proof by the State of extraneous offenses. The question arose in the following manner. Appellant's counsel questioned Officer Gunn about a

certain conversation which led to the apprehension of appellant. On redirect, the State developed the entire conversation, part of which related to a fraudulent application for a driver's license. The court sustained appellant's objection to that part of the conversation which related to "other offenses", but declined to grant appellant's motion for mistrial. No motion was made for an instruction to disregard the answer. We have concluded that once appellant went into the conversation that all of it became admissible, and since the cautious trial court sustained appellant's objection to that portion which might be injurious to him, no reversible error is shown.

 His last complaint related to the actual physical deletion, in the absence of appellant and his attorney, of a portion of the confession which was not offered in evidence. The record reflects that the portions which were deleted had not been offered by the State or the appellant, and were therefore not properly in evidence, and the mere physical deletion in the absence of appellant could not harm him or constitute reversible error. Tischmacher v. State, 153 Tex. Cr.R. 481, 221 S.W.2d 258.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the State's motion for rehearing is granted, the order of reversal is set aside, and the judgment is now affirmed.

DICE, Commissioner.

## ON APPELLANT'S MOTION FOR REHEARING

We have again reviewed the record in the light of appellant's motion for rehearing and remain convinced that a proper disposition was made of the case in our opinion delivered February 12, 1964, affirming the judgment of conviction.

The contention urged by appellant that the court's action in permitting the state to develop in the jury's presence the entire conversation with Officer Gunn which led to appellant's apprehension constituted error because he had only gone into such conversation in the absence of the jury is not borne out by the record. The record reflects that prior to the court's action in permitting the state to develop the entire conversation, appellant, in his examination of the officer, had, in the jury's presence, gone into a part of the conversation.

The motion for rehearing is overruled.