**Alfred JACKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40977.**

Court of Criminal Appeals of Texas.

Jan. 24, 1968.

Alfred J. Bonner, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Malcolm R. Dimmitt, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is robbery by assault; the punishment, enchanced under Art. 62 P.C. by a prior conviction for assault with intent to rob, life.

Three grounds of error are set forth in appellant's brief. The first two relate to testimony of state's witness H. C. Mackey, on redirect examination, in which he related

to the jury a conversation with Billy Earl Clayton in appellant's absence over objection that such testimony was hearsay.

Billy Earl Clayton, a co-defendant, captured at the scene of the robbery, was identified by the victim Paul Carollo at the line-up the night of the robbery.

On cross-examination appellant's counsel elicited from the state's witness Detective Mackey the following testimony:

"Q. All right. Billy Earl Clayton gave you the name of Charles Hanks as being the other person who had committed this robbery, did he not?

"A. He later repudiated that, sir.

"Q. All right, sir. But he gave it to you in this statement—

"A. That's right, sir."

A portion of the statement of Billy Earl Clayton was identified by the wintess and introduced as defendant's Exhibit No. 1. Asked if it was the only statement Clayton gave him, Officer Mackey testified: "Yes sir. He refused to make another one to straighten that out, sir."

On redirect examination Officer Mackey was permitted to testify, over objection that it was hearsay, that in a further conversation with him Clayton stated that there was no such person as Charles Hanks; that "he was trying to protect Alfred Jackson (the appellant) and Alfred was the one."

The trial court did not err in holding that the testimony of Officer Mackey on redirect examination was admissible under the provision of Art. 38.24 Vernon's Ann.C.C.P. which reads:

"When part of an act, declaration or conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other, as when a letter is read, all letters on the same subject between the same parties may be given. When a detailed act, declaration, conversation or writing is given

in evidence, any other act, declaration or writing which is necessary to make it fully understood or to explain the same may also be given in evidence."

Hill v. State, 123 Tex.Cr.R. 552, 59 S.W.2d 411; Ringer v. State, 139 Tex.Cr.R. 312, 139 S.W.2d 583; McEntire v. State, 143 Tex.Cr.R. 631, 160 S.W.2d 961. See also Earnest v. State, 83 Tex.Cr.R. 257, 202 S.W. 739; Bolin v. State, 83 Tex.Cr.R. 590, 204 S.W. 335; Flores v. State, 88 Tex.Cr.R. 349, 227 S.W. 320; Johnson v. State, Tex.Cr. App., 378 S.W.2d 76; and Lee v. State, 170 Tex.Cr.R. 566, 342 S.W.2d 753.

Officer Mackey further testified on re-direct examination that investigation was made concerning the statement of Billy Earl Clayton and that no person by the name of Charles Hanks was found, and that no investigation concerning any other person than Charles Hanks, Alfred Jackson (appellant), Billy Earl Clayton and one Willie Allen was conducted and no charges were filed against any person other than Clayton and appellant. Appellant's ground of error No. 3 complaining of the admission of such testimony over his objection that it was hearsay shows no reversible error and is overruled.

The judgment is affirmed.