TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00100-CR







Robert Arredondo, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT


NO. 89-722-K368, HONORABLE BURT CARNES, JUDGE PRESIDING








 A jury found Robert Arredondo guilty of burglary of a habitation, using a deadly
weapon, (1) and fixed his punishment at seventy-years imprisonment. The trial court convicted and
sentenced him accordingly. In a previous appeal, we reversed the punishment part of the
judgment and remanded the cause to the trial court for a new punishment hearing. (2) A new jury
fixed punishment at fifty-years imprisonment and the trial court sentenced Arredondo accordingly. 
He appeals on the points of error discussed below. We will affirm the judgment.



JURY SELECTION


 In his first point of error, Arredondo complains the trial judge erroneously
overruled his objection to the jury based on his contention that the prosecution used its peremptory
challenges for purely racial reasons in striking one black and four Hispanic persons who would
otherwise have sat on the jury. See Batson v. Kentucky, 476 U.S. 79, 91-92 (1986); Swain v.
Alabama, 380 U.S. 202, 222-24 (1965). Arredondo contends the race-neutral explanations
offered by the prosecutor were only a sham or pretext and, in consequence, the trial judge's
overruling of Arredondo's objection was clearly erroneous. See Whitsey v. State, 796 S.W.2d
707, 726 (Tex. Crim. App. 1989) (on rehearing).

 After prosecution and defense counsel made their peremptory strikes and after the
trial judge called the selected jurors to come forward to be sworn, Arredondo's counsel came to
the bench and told the judge, outside the hearing of the jury, "Judge, I have a Batson motion." 
The judge responded "Okay." The judge administered then the oath to the twelve jurors,
dismissed the remainder of the panel, instructed the jurors as to their duties, and excused them
until the beginning of trial next day. Arredondo's counsel made no objection. He proceeded with
his "Batson" objection by asking the trial judge to take judicial notice that Arredondo was a
member of a cognizable racial group, asked the judge to call a new array and dismiss the jurors
selected, or to seat the five jurors that were improperly excused. He explained to the judge as
follows:



I made the motion, the record should reflect, before you swore the jury in. I
thought for a horrifying second that I had made my motion badly because you
proceeded to swear the jury in.



The trial judge then heard Arredondo's "motion."

 In order to preserve his complaint for appellate review, Arredondo was obliged to
present "to the trial court a timely request, objection or motion, stating the specific grounds for
the ruling he desired the court to make if the specific grounds were not apparent from the
context." Tex. R. App. P. 52(a). It was also necessary that he "obtain a ruling upon [his]
request, objection or motion." Id. The issue of timeliness must be determined in its context--an
objection on the grounds claimed by Arredondo must be made after the names of the selected
jurors are known but before they are sworn and the remainder of the panel released. Tex. Code
Crim. Proc. Ann. art. 35.261(a), (b) (West 1989); Henry v. State, 729 S.W.2d 732, 737 (Tex.
Crim. App. 1987). The first issue is whether counsel's remark to the trial judge, "I have a
Batson Motion," was sufficiently specific. We hold it was not. See Fowler v. State, 863 S.W.2d
187, 189 (Tex. App.--Houston [14th Dist.] 1993, pet. ref'd); Doty v. State, 820 S.W.2d 918, 921
(Tex. App.--Fort Worth 1991, pet. ref'd). If the remark sufficiently apprised the trial court of "the
specific grounds" for his request and the relief he wished, we believe Arredondo waived his
complaint by not obtaining a ruling on his motion and by not objecting to the release of the
remainder of the panel while any alleged deprivation of due process of law remained curable. 
Tex. Code Crim. Proc. Ann. art. 35.261(a), (b) (West 1989).

 If we are mistaken in believing Arredondo waived his complaint, we cannot hold
the trial court clearly erred in denying the motion after assessing the credibility of the prosecutor's
race-neutral explanations for striking the prospective jurors involved.

 The prosecutor struck prospective jurors Perez, Jecha, Taylor, Hernandez, and
Nira based on their statements and demeanor during voir dire. He explained his strikes as
follows: Perez's son had evidently been murdered yet Perez said that fact would have no affect
on him as a juror. He said also he would lean toward rehabilitation. The prosecutor thought
Perez's statements unnatural if true and probably disingenuous, making the prosecutor suspicious
of him. Jecha stated she had a "bad experience with the law-enforcement system." The
experience involved her son's public-intoxication proceeding. Her son was about Arredondo's
age and Jecha said "she would look at [Arredondo] in determining what the best punishment
would be." The prosecutor thought Jecha's statements indicated sympathy for Arredondo. A
warrant had been issued for Taylor's arrest in connection with his probation-revocation
proceeding, a fact he did not reveal and the prosecutor did not think it fair to require Taylor's
presence at trial then have him arrested under the warrant. Hernandez "indicated he had had a
bad experience with law enforcement" in the form of a "minor in possession" proceeding. The
prosecutor presumably thought this would prejudice him in Arredondo's favor. Nira wore a T-shirt "that said something about motorcycles" and had a long ponytail worn like a "biker." In the
prosecutor's experience, someone so dressed did not respect the court system and lacked a stake
in the community. We believe the trial judge could reasonably conclude these race-neutral
explanations were sufficient. See Purkett v. Elem, 115 S. Ct. 1769, 1771 (1995). (3) We hold
accordingly and overrule Arredondo's first point of error.


JURY ARGUMENT


 The prosecutor, in the course of his argument to the jury, stated Arredondo was
"the biggest pathological liar I have ever experienced sitting at the" witness stand. The trial judge
sustained Arredondo's objection to the remark, instructed the jury to disregard it, and refused his
request for a mistrial. In his second point of error, Arredondo complains the trial judge erred in
refusing the request for mistrial.

 A prosecutor "may argue his opinions concerning issues in the case so long as the
opinions are based on the evidence in the record and not as constituting unsworn testimony." 
McKay v. State, 707 S.W.2d 23, 37 (Tex. Crim. App. 1985), cert. denied, 479 U.S. 871 (1986). 
The record contains Arredondo's testimony in response to questions asked by the prosecutor
pertaining to certain written statements Arredondo had given the authorities. In his testimony,
Arredondo admitted numerous falsehoods in these written statements. (4) We hold the prosecutor's
remark was within the evidence.

 In Arredondo's third point of error, he complains the trial judge erred in overruling
Arredondo's objection to a part of the prosecutor's jury argument wherein he allegedly asked the
jury, implicitly or explicitly, to apply the parole law to the case. The point of error refers to the
prosecutor's remark in response to defense counsel's urging the jury "don't lock him up and put
him in a cage and throw the key away." The prosecutor rejoined as follows:



Well, quite frankly, the key is never thrown away in a situation like this because
here in the court's charge it tells you [the jury] right off that, under the law
applicable in this case if the defendant is sentenced to a term of imprisonment, he
will not become eligible for parole until the actual time served equals one-fourth
of the sentence imposed or fifteen years, whichever is less [objection] without
consideration of any good conduct time he may serve.



 We hold the prosecutor's remark was in response to and within the invitation
extended by defense counsel's request that the jury not lock Arredondo in a cage and throw away
the key. The prosecutor's remark was, therefore, not reversible error. See McEntire v. State,
160 S.W.2d 961, 963 (Tex. Crim. App. 1942) (defense counsel's statement that defendant did not
want suspended sentence because it would reflect against his army service invited prosecutor's
remark that defendant would not legally be entitled to suspended sentence); Wood v. State, 45
S.W.2d 599, 600 (Tex. Crim. App. 1932) (defense counsel's statement that convicting accused
would result in his loss of citizenship invited prosecutor's remark that governor could restore
citizenship if jury found accused guilty).

 We overrule points of error two and three.



SCOPE OF REMAND


 Arredondo complains in his fourth point of error that the trial judge abused his
discretion in overruling Arredondo's request for a re-trial of the entire case, that is to say, the
issue of his guilt as well as his punishment if found guilty. Arredondo asserts a theory that a trial
judge has discretion to order an entire new trial even in a cause remanded to the trial court only
for an error committed in the punishment stage of the first trial, thereby revising an appellate
judgment limiting re-trial to punishment only. (5) He bases his theory upon a footnote in Saldana
v. State, 826 S.W.2d 948, 950 (Tex. Crim. App. 1992), wherein the court stated that it had held
previously, in Ex parte Klasing, 738 S.W.2d 648, 650-51 (Tex. Crim. App. 1987), overruled on
other grounds by 757 S.W.2d 367, 368-69 (Tex. Crim. App. 1988), that "whether to conduct an
entire new trial or only a new punishment hearing is left to the discretion of the trial court, not
the appellate court." Saldana, 738 S.W.2d at 950 n.3. If understood as Arredondo contends, the
holding in Klasing and the footnote in Saldana both contradict the explicit and mandatory
direction of the Code of Criminal Procedure, which provides as follows in cases like the present:



If the court of appeals . . . awards a new trial . . . only on the basis of an error or
errors made in the punishment stage of the trial, the cause shall stand as it would
have stood in case the new trial had been granted by the court below, except that
the court shall commence the new trial as if a finding of guilt had been returned
and proceed to the punishment stage of the trial . . . .



Tex. Code Crim. Proc. Ann. art. 44.29(b) (West Supp. 1995) (emphasis added).

 The Saldana footnote may properly be understood only in reference to what the
court stated in Klasing: article 44.29(b) "plainly is directed at the trial court to take action in
appropriate circumstances." Klasing, 738 S.W.2d at 651. And in unambiguous terms, article
44.29(b) declares that the appropriate trial-court action when an appellate court reverses a
judgment solely for error in the punishment stage, is a re-trial of the punishment issue alone and
not an entire new trial. By its very terms, the statute thus confines the trial judge's discretion to
one course of action only in the circumstances indicated. We hold accordingly and overrule point
of error four.

 We affirm the trial-court judgment.



 

 John Powers, Justice

Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: May 29, 1996

Do Not Publish

1.   See Penal Code, 63d Leg., R.S., ch. 399, sec. 1, § 30.02, 1973 Tex. Gen. Laws 883, 926-27 (Tex. Penal Code Ann. § 30.02, since amended). 
2.   The basis for our decision in the first appeal was the admission in evidence of an
unadjudicated offense, over objection, in the punishment stage of the trial. See Arredondo
v. State, No. 3-90-079-CR (Tex. App.--Austin, Jan. 13, 1993, no pet.) (not designated for
publication).

 
3.   We believe the prosecutor's striking all minority panel members likely to serve on the
jury made a prima facie case of racial discrimination, shifting the burden to the prosecutor
to give a race-neutral explanation for his strikes. As stated in Purkett, "this process does not
demand an explanation that is persuasive, or even plausible . . . . `[T]he issue is the facial
validity of the prosecutor's explanation. Unless a discriminatory intent is inherent in the
prosecutor's explanation, the reason offered will be deemed race neutral.'" Purkett, 115 S. Ct.
at 1771 (quoting Hernandez v. New York, 500 U.S. 352, 360 (1991) (plurality opinion)) (emphasis
added).
4.   The State contends Arredondo admitted lying 26 times in testimony covering 20 pages
of the statement of facts. Our reading of these pages reveals the number of admitted lies is
at least approximately correct. Even if the prosecutor's argument was improper, we believe
the trial judge's instruction to disregard the remark was sufficient to cure any error
considering the nature of the error, the emphasis placed upon it by the State, any collateral
consequences the error might have, the weight a jury would probably place upon the error,
and whether repetition of the error will likely be encouraged absent a reversal. See Harris
v. State, 790 S.W.2d 568, 585-87 (Tex. Crim. App. 1989).
5.   Even if such discretion existed in a trial judge, Arredondo fails to assert any reason or
basis for his claim that the denial of an entire new trial was an abuse of such discretion in
the circumstances.


unishment hearing is left to the discretion of the trial court, not
the appellate court." Saldana, 738 S.W.2d at 950 n.3. If understood as Arredondo contends, the
holding in Klasing and the footnote in Saldana both contradict the explicit and mandatory
direction of the Code of Criminal Procedure, which provides as follows in cases like the present:



If the court of appeals . . . awards a new trial . . . only on the basis of an error or
errors made in the punishment stage of the trial, the cause shall stand as it would
have stood in case the new trial had been granted by the court below, except that
the court shall commence the new trial as if a finding of guilt had been returned
and proceed to the punishment stage of the trial . . . .



Tex. Code Crim. Proc. Ann. art. 44.29(b) (West Supp. 1995) (emphasis added).

 The Saldana footnote may properly be understood only in reference to what the
court stated in Klasing: article 44.29(b) "plainly is directed at the trial court to take action in
appropriate circumstances." Klasing, 738 S.W.2d at 651. And in unambiguous terms, article
44.29(b) declares that the appropriate trial-court action when an appellate court reverses a
judgment solely for error in the punishment stage, is a re-trial of the punishment issue alone and
not an entire new trial. By its very terms, the statute thus confines the trial judge's discretion to
one course of action only in the circumstances indicated. We hold accordingly and overrule point
of error four.

 We affirm the trial-co