NO. 12-00-00179-CR



IN THE COURT OF APPEALS


TWELFTH COURT OF APPEALS DISTRICT


TYLER, TEXAS


 BURNS TILTON BOYD, § APPEAL FROM THE SECOND

APPELLANT



 § JUDICIAL DISTRICT COURT OF 


STATE OF TEXAS,

APPELLEE § CHEROKEE COUNTY, TEXAS





 Burns Tilton Boyd ("Appellant") appeals his conviction for possession of less than one gram
of cocaine, for which he was sentenced to two years of confinement. Appellant raises five issues on
appeal. We affirm.


Background

 On August 5, 1999, Officer John Page ("Page") of the Jacksonville Police Department was on
patrol when he observed two men sitting on the front porch of a condemned structure in a neighborhood
known for heavy narcotics trafficking. Page exited his vehicle and approached the two men. As Page
approached, one of the men began to walk away. Page called to the man to stop. The man complied
with Page's request and returned to the porch. Suddenly, the other man bolted past Page and ran
eastward along the side of the house. Knowing that there was a trail behind the condemned house that
led through a neighboring yard and a vacant lot, and which emptied onto a nearby street, Page used his
handheld radio to call for backup and gave a description of the fleeing suspect. Page described the
suspect as a black male of medium height and medium build, who was wearing a white or light-colored
shirt or T-shirt and dark pants.

 About this same time, Officer Nathan Acker, Jr. ("Acker"), having received the description of
the fleeing suspect, observed Appellant walking down Crockett Street, which is two streets east of
Page's location. Appellant was walking with another individual. Officer Acker testified that Appellant
matched the description he had received of the fleeing suspect. Acker further testified that he detained
Appellant, patted Appellant down for safety purposes and asked for permission to search Appellant. 
Acker testified that Appellant gave him verbal consent to search his pockets and began to voluntarily
empty his pockets. Acker testified that he told Appellant to stop emptying his pockets and performed
a search on Appellant. Acker further testified that he found a pill bottle in Appellant's pocket, through
which a substance was visible that he believed to be crack cocaine. Detective Mark Johnson testified
as to the chain of custody of the evidence. Shannon Hampton, a chemist for the Department of Public
Safety Crime Laboratory in Tyler, Texas, testified that the substance retrieved from Appellant's pocket
was crack cocaine.

 Appellant offered a different version of the events that took place. Appellant testified that he
could see from his parent's property that police were pursuing a suspect. At that point, he saw an
individual, who he knew as "Tank," throw an item into the bushes as he ran by Appellant's parent's
property. Appellant retrieved the pill bottle containing the crack cocaine from the bushes and,
according to Appellant, intended to turn the item over to the police. (1) Appellant further explained that,
a few weeks earlier, he had spoken with Page about the drug trafficking problem in the neighborhood
and had agreed to cooperate with police by purchasing and posting "no trespassing" signs on his
parent's property. Appellant further testified that his sister had purchased the signs and that he had
helped post them. 

 To rebut Appellant's testimony that he had cooperated and the implication that his retrieval of
the pill bottle of crack cocaine was a continuing effort to cooperate with police, the State recalled Page,
who testified that, a few weeks prior to Appellant's arrest, Page had been flagged down in that same
neighborhood by a Black female. Over Appellant's hearsay objection, Page further testified:


 She was stating that they were having some problems as the people on Johnson Street were with people
just coming over and loitering around the houses, drinking and supposedly selling narcotics and asked me
what she could do about it. At that time I explained to her that what she needed to do was post no
trespassing signs on the residences themselves and on some trees that were in the yard because it was
actually about four lots apparently that these two homes sit on.


 Mr. Boyd had approached myself and the female during the course of the conversation, I don't remember
exactly at what point, and stated - he just interjected into the conversation that he would put up the
trespassing signs the following day. And he said that he was concerned about the activity that was going
on over there and didn't want anybody around. I don't remember the exact text of everything that
everybody was saying. And the female, I don't recall her name, specifically named two or three
individuals that she did not want on the property. Two of the names that I recall was Bruce Cornelius and
Gary Johnson.


 ...


 And at that point I looked over at Mr. Boyd and I said, well, what about Burns here. And she said, I don't
want him over there either. He is selling that stuff, too, and he's my brother. And at that time the way she
worded me [sic] it kind of took me back for just a second when she said that that was her brother and I
remember I busted out laughing. And she said something to the effect, I am serious, I don't want him over
there either. And that was basically the end of the conversation.



Page further testified that he knew Gary Johnson and that his reputation in the community for
truthfulness was bad. (2)


Search and Seizure

 Appellant contends that the cocaine recovered from him by Acker was the product of an illegal
search made without his consent. (3) It is now axiomatic that in order to preserve an error in the admission
of evidence for appellate review, a defendant must make a timely objection. See Sattiewhite v. State,
786 S.W.2d 271, 283 (Tex. Crim. App. 1989); see also Thompson v. State, 691 S.W.2d 627, 635 (Tex.
Crim. App. 1984); Tex. R. App. P. 33.1(a). An objection is timely if it is raised as soon as the ground
for the objection becomes apparent. See Johnson v. State, 803 S.W.2d 272, 291 (Tex. Crim. App.
1991); Polk v. State, 729 S.W.2d 749, 753 (Tex. Crim. App.1987). In the case at hand, Appellant
concedes in his brief that his trial counsel failed to file a motion to suppress with regard to this evidence. 
Appellant further concedes that his trial counsel failed to object throughout trial to the admission of said
evidence or any testimony related thereto. Therefore, since no objection whatsoever was made to the
admission of the pill bottle or crack cocaine as an exhibit, which Appellant now contends were the
products of an illegal search, nor was any objection made to any testimony related to this exhibit, we
hold that Appellant failed to preserve error, if any, on this issue. Appellant's issues three and four are
overruled.


Ineffective Assistance of Counsel

 The standard of review for ineffective assistance of counsel in enunciated in Strickland v.
Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and adopted for Texas
constitutional claims in Hernandez v. State, 726 S.W.2d 53 (Tex. Crim. App. 1986). Under the
Strickland test, Appellant must show that: (1) counsel's performance was deficient, and (2) but for
counsel's unprofessional errors, the result of the proceeding would have been different within reasonable
probability. Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; Tong v. State, 25 S.W.3d 707, 712 (Tex.
Crim. App. 2000). A reasonable probability is a probability sufficient to undermine confidence in the
outcome of the proceedings. See Tong, 25 S.W.3d at 712. Appellant must establish his claim by a
preponderance of the evidence. Id. Any allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged ineffectiveness. Thompson v. State,
9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Failure to make the required showing of either deficient
performance or sufficient prejudice defeats an ineffectiveness claim. Id. Trial counsel cannot be
considered ineffective for failure to object or attempting to suppress admissible evidence. See
McFarland v. State, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992). An appellate court looks to the
totality of the representation and the particular circumstances of each case in evaluating the
effectiveness of counsel. See Thompson, 9 S.W.3d at 813. Appellate review of counsel's
representation is highly deferential, with a strong presumption that counsel's conduct falls within a wide
range of reasonably professional representation. See Tong, 25 S.W.3d at 712. 

 In the instant case, Appellant contends that his trial counsel's failure to object to or move to
suppress the physical evidence he alleges was the product of an illegal search amounted to ineffective
assistance. As a general rule, the appellate courts should afford almost total deference to a trial court's
determination of the historical facts that the record supports especially when the trial court's fact
findings are based on an evaluation of credibility and demeanor. See Guzman v. State, 955 S.W.2d 85,
89 (Tex. Crim. App. 1997). The appellate courts should afford the same amount of deference to trial
court rulings on application of law to fact questions if the resolution of those ultimate questions turns
on an evaluation of credibility and demeanor. Id. Likewise, a trial court's decision to admit evidence
is reviewed for abuse of discretion. See Prytash v. State, 3 S.W.3d 522, 527 (Tex. Crim. App. 1999).

 Our review of the record indicates that there was some evidence that Appellant was lawfully
detained and consented to the search of his pockets conducted by Acker. After testifying that he
detained Appellant, who matched the description of the fleeing suspect, Acker testified that he patted
Appellant down for safety purposes and asked for permission to search Appellant. Acker testified that
Appellant gave him verbal consent to search his pockets and began to voluntarily empty his pockets. 
Acker testified that he told Appellant to stop emptying his pockets and performed a search on Appellant. 
Although there is testimony tending to contradict Acker's testimony that Appellant consented to the
search, the weight given this testimony is left to the trial court's discretion. See Cannon, 691 S.W.2d
at 673. We conclude that Appellant's trial counsel's failure to object or move to suppress the physical
evidence against Appellant did not constitute ineffective assistance. Had Appellant's attorney objected
or moved to suppress such evidence, and had the trial court denied such a motion or overruled such an
objection, such a decision by the trial court would have been within its discretion. See, e.g., Lyles v.
State, 850 S.W.2d 497, 502 (Tex. Crim. App. 1993) (in determining whether there has been an abuse
of discretion, it must be determined if the court acted without reference to any guiding rules and
principles, or, in other words, whether the court acted arbitrarily or unreasonably). It follows that, even
had Appellant's trial counsel moved to suppress or objected to the physical evidence against Appellant,
the result of the proceeding would not have been different within reasonable probability as a result of
such action. See Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. Therefore, we hold that Appellant
was not denied his right to effective assistance of counsel. Appellant's issue one is overruled.


Hearsay Evidence and The Rule of Optimal Completeness

 Appellant contends that the trial court erred in admitting the statement made by his sister that
she did not want Appellant putting up "no trespassing" signs on the abandoned property as Appellant
was "selling that stuff too." The State contends that the evidence falls under the rule of optimal
completeness because Appellant had "opened the door" by offering testimony related to the
conversation between Appellant, Page and Appellant's sister, which depicted Appellant as a person who
had been cooperating with police in combating the drug trafficking problem in Appellant's
neighborhood. 

 As set forth above, a trial court's decision to admit evidence is reviewed for abuse of discretion. 
See Prystash, 3 S.W.3d at 527. Texas Rule of Evidence 107, on which the State relies, provides:


 When part of an act, declaration, conversation, writing or recorded statement is given in evidence by one party, the
whole on the same subject may be inquired into by the other, and any other act, declaration, writing or recorded
statement which is necessary to make it fully understood or to explain the same may also be given in evidence . .
. 



Tex. R. Evid. 107. It is not error to admit hearsay evidence when it serves to clarify other hearsay
evidence elicited by the opposition. Martinez v. State, 749 S.W.2d 556, 559-60 (Tex. App.-San
Antonio 1988, no writ), citing Jackson v. State, 423 S.W.2d 322 (Tex. Crim. App.1968).

 In the case at hand, Appellant testified regarding a conversation between Appellant, his sister
and Page. On direct examination, Appellant offered the following testimony:



 Who approached you two weeks, approximately two weeks prior to this incident? 



 Mr. Page and some other officers.




 Okay. Tell me what they asked you to do?



 They told me to - that they was chasing some dope pushers from Lincoln Park and said what they had
done they come over into our neighborhood.


 


 Tell the Jury?



 They had came [sic] over into our neighborhood and said they - said the way they can catch these
individuals and arrest them if we put up some signs saying no trespassing and they would get them for no
trespassing.




 Where were you supposed to put the signs up?



 Upon on my parent's property on the big tree and on the house on this side on the left and my Mama had
a little 'ole café on the right, she don't run no more, and the two corner trees.



 Okay. And did you do it?



 The tree on the side of my mother's café.




 Did you do as requested?



 Yes, sir. He told me to put up several posted. I asked him how many and he said several.




 Did they provide you those signs?



 No, sir.




 Where did you get the signs?



 My sister went and got them from Discount City.



 ...



 Now, you have cooperated by putting the signs up like you said?


 A. Yes, sir.



The design of the foregoing testimony was apparently to depict Appellant as a cooperative, law-abiding
citizen, who was eager to work in conjunction with police to curb the drug trafficking activities in his
neighborhood. The hearsay offered by the State was a statement made by Appellant's sister in the
course of the same conversation that she did not want her brother putting up signs on the property
because he was "selling that stuff too." Appellant's sister's statement, as well as Page's testimony
regarding his reaction to that statement, enabled the jury to fully understand the nature of the
conversation between Appellant, his sister and Page. Appellant testified that he intended to turn the
crack cocaine over to the police and attempted to bolster this testimony with a recent history of
cooperation with police, as evidenced by the aforementioned testimony. A statement to the effect that
Appellant was actually selling drugs offers a more complete view of the evidence in that it calls into
question the true depth of Appellant's cooperation . The evidence was properly admitted pursuant to
Rule 107. Therefore, we hold that the trial court did not abuse its discretion in admitting the testimony
regarding a hearsay statement made by Appellant's sister. Appellant's issue two is overruled.


Evidentiary Sufficiency

 In his final issue, Appellant contends that the evidence is both legally and factually insufficient
to support his conviction of possession of crack cocaine. Legal sufficiency is the constitutional
minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal
conviction. See Jackson v. Virginia, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-787, 61 L. Ed. 2d 560
(1979); see also Escobedo v. State, 6 S.W.3d 1, 6 (Tex. App.-San Antonio 1999, no pet.). The standard
for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. See Jackson, 443 U.S. at 320, 99 S. Ct.
at 2789; see also Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is
examined in the light most favorable to the jury's verdict. See Jackson, 443 U.S. at 320, 99 S. Ct. at
2789; Johnson, 871 S.W.2d at 186. A successful legal sufficiency challenge will result in rendition
of an acquittal by the reviewing court. See Tibbs v. Florida, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-218, 72 L. Ed. 2d 652 (1982). 

 On the other hand, in determining whether evidence is factually sufficient, we consider all of
the evidence in the record related to Appellant's sufficiency challenge, not just the evidence which
supports the verdict. Id. We review the evidence weighed by the jury which tends to prove the
existence of the fact in dispute, and compare it to the evidence which tends to disprove that fact. See
Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). We may disagree with the jury's
determination, even if probative evidence exists which supports the verdict. See Clewis, 922 S.W.2d
at 133. However, our evaluation should not substantially intrude upon the jury's role as the sole judge
of the weight and credibility of witness testimony. See Santellan, 939 S.W.2d at 164. We will reverse
only when the verdict is against the great weight of the evidence presented at trial so as to be clearly
wrong and unjust. See Clewis, 922 S.W.2d at 134.

 Appellant was indicted for intentionally or knowingly possessing less than one gram of cocaine. (4) 
At trial, Appellant conceded that he picked up the bottle containing crack cocaine, which was admitted
into evidence. Appellant's factual and legal sufficiency contentions are based on arguments set forth
in Appellant's other issues that the pill bottle and cocaine introduced into evidence were the products
of an unlawful search, and therefore, inadmissible. However, since we have previously determined that
this evidence was admissible because Appellant failed to preserve error on the issue, we hold that there
was both legally and factually sufficient evidence to support Appellant's conviction. Appellant's fifth
issue is overruled.

 Accordingly, the judgment of the trial court is affirmed.

 

 JIM WORTHEN 

 Justice

Opinion delivered August 9, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.





(DO NOT PUBLISH)
1. Gary Johnson, a friend of Appellant, offered testimony similar to that of Appellant. Gary Johnson also
corroborated Appellant's testimony that he did not consent to the search by Acker.
2. Detective Mark Johnson also testified that Gary Johnson's reputation in the community for truthfulness
was bad.
3. Appellant also contends that the search was pursuant to an illegal pretext stop.
4. See Tex. Health & Safety Code Ann. § 481.102(3)(D) (Vernon Supp. 2001).