**Robert Earl JACKSON, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 09 81 016 CR.**

Court of Appeals of Texas, Beaumont.

Dec. 30, 1981.

Discretionary Review Refused April 7, 1982.

James DeLee, Port Arthur, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

OPINION

CLAYTON, Justice.

This is an appeal from a conviction for the offense of burglary of a vehicle. The trial judge assessed the appellant's punishment at ten years confinement in the Texas Department of Corrections.

On September 12, 1979, appellant entered a plea of guilty and waived his right to a jury trial. After a trial before the court, the trial judge, pursuant to *Vernon's Ann. C.C.P., Art. 42.12, § 3d(a)*, deferred further proceedings without an adjudication of guilt and placed appellant on probation for seven years. One of the conditions of pro-

bation was that appellant "a. Commit no offense against the laws of Texas, any other state, the United States, or any governmental entity."

On September 23, 1980, the State filed a motion to revoke probation based upon an allegation that appellant had committed the offense of burglary of a building, and, on December 1, 1980, a hearing was held, and appellant entered a plea of "untrue" to the alleged violation of probation. After hearing testimony, the trial judge entered judgment on December 23, 1980, wherein it was found by a preponderance of the evidence that appellant "did violate the following condition(s) of his probation ... By committing the offense of Burglary of a Building. . . ." The judgment recites that "[t]he Court proceeded to adjudicate the guilt of the defendant in this case, and it is therefore Considered, Ordered, and Adjudged by the Court that the defendant is guilty of the offense of Burglary of a Vehicle and that the defendant committed the offense on May 11, 1979 as confessed by the defendant and as alleged in this indictment. The Court assessed punishment at confinement ... for a term of 10 (ten) years."

Appellant's sole ground of error is "[t]he Court erred in assessing punishment in excess of Appellant's deferred adjudication period of probation by refusing to allow for a separate hearing on punishment following the determination of guilt." As we understand this ground of error, appellant's complaint is that a separate punishment hearing should be held following an adjudication of guilt pursuant to *V.A.C.C.P., Art. 42.12, § 3d(b)*. The ground, as stated in appellant's brief, actually complains of the "refusal" to allow for such separate hearing. We find nothing in the record before us indicating that appellant requested such hearing or that any such hearing was refused. However, the record does show that a separate hearing on punishment was not held by the court.

Appellant contends that following an adjudication of guilt on the original charge, a "normal bifurcated trial system" should be followed and a hearing on punish-

ment shall be held in accordance with *V.A. C.C.P., Art. 37.07*. Appellant overlooks the fact that *Article 37.07, § 2(b)* is applicable only to pleas of not guilty before a jury. It has no application where a defendant waives trial by jury and enters a plea of guilty before the court in a felony less than capital case. See *Morales v. State*, 416 S.W.2d 403 (Tex.Cr.App.1967); *Rojas v. State*, 404 S.W.2d 30 (Tex.Cr.App.1966); *Thomas v. State*, 477 S.W.2d 881 (Tex.Cr. App.1972).

The contention that two separate hearings are mandatory in proceedings conducted pursuant to *Art. 42.12* has been rejected in *McNew v. State*, 608 S.W.2d 166 (Tex.Cr. App.1980), where it is held that only one hearing—that which is required by *Art. 42.- 12, § 3d(b)*—is necessary to afford appellant his right to due process of law.

It is suggested, by the wording of appellant's ground of error, that the court erred in assessing his punishment at ten years confinement after adjudication of guilt when it has assessed seven years "probation" at the time of the deferred adjudication. This contention has been rejected and held not to be error. *McNew v. State*, supra; *Walker v. State*, 557 S.W.2d 785 (Tex.Cr.App.1977).

Finding no error, we affirm the judgment.