**Rodolpho Esquival SALDANA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 1234–90, 1235–90.**

Court of Criminal Appeals of Texas, En Banc.

April 1, 1992.

Alfredo Z. Padilla, San Antonio, for appellant.

Robert Serna, Dist. Atty., and Robert Lee Little, Asst. Dist. Atty., Carrizo Springs, Robert Huttash, State's Atty., Austin, for State.

## OPINION ON APPELLANT'S PETITIONS FOR DISCRETIONARY REVIEW

MALONEY, Judge.

Appellant was convicted in 1987 on his pleas of guilty to two counts of aggravated sexual assault, two counts of indecency with a child, and incest. Punishment was assessed by the trial court at fifteen years and ten years in the Texas Department of Corrections on the aggravated sexual assault counts, to be served consecutively, and at five years each on the other counts, to be served concurrently.

The Court of Appeals held that the charges against appellant were misjoined in two indictments,[1] and ordered the judgments reformed to delete reference to the reversed convictions. *Saldana v. State*, Nos. 04-87-503-CR and 04-87-504-CR (Tex.App.—San Antonio, delivered December 7, 1988). On appellant's petition for discretionary review, this Court held that reformation of the judgments was not the proper remedy and remanded to the trial court for reassessment of punishment as to each aggravated sexual assault conviction.[2] *Saldana v. State*, Nos. 144-89 and 145-89 (Tex.Cr.App., delivered June 28, 1989).

On remand the trial court denied appellant's motion to have a jury assess punishment. The trial court ruled that appellant waived his right to a jury at the time he entered his original pleas of guilty, and then assessed punishment at fifteen years confinement on each count. The Court of Appeals affirmed. *Saldana v. State*, Nos. 04-90-023-CR and 04-90-129-CR (Tex. App.—San Antonio, delivered October 17, 1990). We granted appellant's petitions for discretionary review to determine whether he was bound by his waiver of a jury at the original trial upon remand for another punishment hearing pursuant to Article 44.-29(b), V.A.C.C.P.

Prior to 1987 the Code of Criminal Procedure required that a complete new trial be conducted if an appellate court determined that reversible error had occurred at the punishment phase of trial and a jury had assessed punishment, but permitted a hear-

---

**1.** See *Fortune v. State*, 745 S.W.2d 364 (Tex.Cr. App.1988)

**2.** See *Ex Parte Broyles*, 759 S.W.2d 674 (Tex.Cr. App.1988), holding that when a trial court assesses punishment based on misjoined offenses, the proper remedy is to remand to that court for a new hearing to reassess punishment on one offense per indictment.

ing limited to assessment of punishment if the trial court had assessed punishment. See *Bullard v. State,* 548 S.W.2d 13 (Tex. Cr.App.1977). The 70th Legislature then enacted Art. 44.29(b) to permit retrial limited to assessment of punishment in cases in which a jury had originally assessed punishment and an appellate court found reversible error to have occurred at that punishment phase.[3] Acts 1987, 70th Leg., pp. 1387–1378, Ch. 179, § 1, eff. August 31, 1987.

Article 44.29(b) provides:

If the court of appeals or the Court of Criminal Appeals awards a new trial to a defendant other than a defendant convicted of an offense under Section 19.03, Penal Code, only on the basis of an error or errors made in the punishment stage of the trial, the cause shall stand as it would have stood in case the new trial had been granted by the court below, except that the court shall commence the new trial as if a finding of guilt had been returned and proceed to the punishment stage of trial under Subsection (b), Section 2, Article 37.07, of this Code. If the defendant elects, the court shall empanel a jury for the sentencing stage of the trial in the same manner as a jury is empaneled by the court for other trials before the court. At the new trial, the court shall allow both the state and the defendant to introduce evidence to show the circumstances of the offense and other evidence as permitted by Section 3 of Article 37.07 of this code.

Article 37.07, § 2(b), V.A.C.C.P., provides:

Except as provided in Article 37.071, if a finding of guilty is returned, it shall then be the responsibility of the judge to assess the punishment applicable to the offense; provided, however, that (1) in

any criminal action where the jury may recommend probation and the defendant filed his sworn motion for probation before the trial began, and (2) in other cases where the defendant so elects in writing before the commencement of the voir dire examination of the jury panel, the punishment shall be assessed by the same jury, except as provided in Article 44.29. If a finding of guilty is returned, the defendant may, with the consent of the attorney for the state, change his election of one who assesses the punishment.

The Court of Appeals read the two provisions together and interpreted the language in Art. 37.07 "except as provided in Article 44.29" to mean that, "if the defendant elects at the original trial to have the jury assess punishment, it will be the same jury as determined guilt, *unless* the case was reversed and remanded for new punishment assessment only. *Saldana,* supra, slip op. at 5 (emphasis in original). Therefore, the Court of Appeals held that the reference in Art. 44.29 to Art. 37.07 does not apply when a defendant had pled guilty before the judge. *Id.*

The question presented in this cause is whether the language in Art. 44.29(b), "If the defendant elects, the court shall empanel a jury for the sentencing stage of the trial in the same manner as a jury is empaneled by the court for other trials before the court," entitles a defendant who had not elected a jury assessment of punishment prior to commencement of voir dire at his original trial to receive jury assessment after reversal for error at the punishment phase, or whether he is bound by his original election. We believe the enactment of Art. 44.29(b) has created a right to choose either jury or court assessment of punishment after such a remand, notwithstanding such choice at the original trial.

---

**3.** We have previously concluded that application of Art. 44.29(b) to reversals of convictions obtained prior to its effective date does not violate the ex post facto provisions of either the Texas or United States constitutions. *Grimes v. State,* 807 S.W.2d 582 (Tex.Cr.App.1991). We have

also held that the decision of whether to conduct an entire new trial or only a new punishment hearing is left to the discretion of the trial court, not the appellate court. *Ex parte Klasing,* 738 S.W.2d 648 (Tex.Cr.App.1987) (opinion on rehearing).

Texas Senate Bill 43, 70th Leg. (1987) proposed the enactment of Art. 44.29(b), including the language, *"If necessary,* the court shall empanel a jury for the sentencing stage of the trial in the same manner as a jury is empaneled by the court for other trials before the court." (emphasis added.) The Senate Criminal Justice Committee conducted a public hearing on the bill on March 3, 1987. At the conclusion of the hearing the committee agreed to change "[i]f necessary" to "[i]f the defendant elects." [4]

The provision, "If the defendant elects," occurs immediately following the requirement that "the court shall commence the new trial as if a finding of guilt had been returned and proceed to the punishment stage of trial under Subsection (b), Section 2, Article 37.07, of this Code," thereby indicating the referenced election would be made after the remand. Additionally, Art. 44.29(b) requires that "the court shall empanel a jury for the sentencing stage of the trial in the same manner that a jury is empaneled by the court for other trials before the court," except that only the issue of punishment shall be submitted to the jury. Although Art. 37.07, § 2(a) applies to cases in which a plea of not guilty is entered before a jury, § 2(b) does not contain any such restriction other than by inference, and the provision, "except as provided by Article 44.29," eliminates the need to apply such an inferential restriction to Art. 44.29(b).

The legislature did not specifically restrict Art. 44.29(b) to situations in which a jury had assessed punishment in the original trial. A fair reading of the language of the statute indicates that a defendant is to have the right to elect jury assessment of punishment after remand, and a review of the legislative history of this statute discloses nothing contrary to such an interpretation. Therefore, we conclude Art. 44.29(b) permits a defendant to elect jury as-

sessment of punishment after remand pursuant to an appellate finding of reversible error at the punishment phase, notwithstanding a waiver of jury before his original trial. The judgments of the trial court and Court of Appeals are reversed.

WHITE and BENAVIDES, JJ. concur in the result.

McCORMICK, Presiding Judge, dissenting.

Believing that Justice Butts correctly decided this issue in the Court of Appeals, I attach and adopt her unpublished opinion. Accordingly, I dissent to the majority decision to reverse the judgment of the Court of Appeals.

APPENDIX

Opinion by: SHIRLEY W. BUTTS, Justice.

Delivered and filed: October 17, 1990

AFFIRMED.

This appeal arises from the trial court's denial of a jury to assess punishment after the case was reversed and remanded to the trial court. We affirm.

The appellant pleaded guilty to the offenses of aggravated sexual assault of a child, two counts of indecency with a child, and incest. Before entering his plea of guilty, appellant executed a waiver of jury trial. The trial court assessed punishment. From that judgment of conviction and sentence, appellant perfected his appeal. The Court of Appeals reformed the judgment to delete all other convictions except aggravated sexual assault. The Court of Criminal Appeals granted appellant's petition for discretionary review and remanded the case to the trial court for assessment of punishment. Appellant filed at the trial court a motion to have a jury assess punishment. The trial court ruled that appellant waived his right to a jury at the time

[4.] Microfilmed bill file, Tex.Legislative Reference Library, 70th Leg., Senate Bill 43 (1987). The original bill was filed January 13, 1987.

The amended bill was passed by the Senate March 16, 1987. The bill passed the House without amendment on May 11, 1987.

of his original guilty plea.[1] The trial court assessed punishment at fifteen years' imprisonment.

Appellant's sole point of error is that he was denied his right to have a jury assess punishment. Upon entering a plea of guilty in a felony case, to either the court or a jury, the defendant is not entitled to a bifurcated trial. *Thom v. State,* 563 S.W.2d 618, 619 (Tex.Crim.App.1978). Once the guilty plea is entered, the procedure becomes a unitary trial to determine the remaining issue of punishment. *Ricondo v. State,* 634 S.W.2d 837, 841 (Tex.Crim. App.1982) (opinion on Motion for Rehearing) (en banc).

In *Bullard v. State,* 548 S.W.2d 13 (Tex. Crim.App.1977) the Court was confronted with an issue similar to the one presented in this case. The defendant in *Bullard,* on a plea of "not guilty" and pursuant to Tex.Code Crim.Proc.Ann. art. 37.07 (Vernon 1981), was convicted by a jury for the offense of felony theft. He had elected the judge to assess punishment. The trial court sentenced the defendant to life imprisonment. The Court of Criminal Appeals affirmed the conviction but remanded for a new penalty hearing. Prior to the new penalty hearing, the defendant filed a motion to withdraw his earlier election and have a jury assess punishment. The motion was overruled. The court held that a defendant is bound by a waiver of jury on the issue of punishment made at the *original trial* where the case is remanded for an error committed at the penalty stage. *Id.* at 21. The court emphasized that the state constitution only guarantees a trial by jury where one was provided by common law or by statute in 1876 when the Texas Constitution was adopted. *Id.* at 16. Because the statute in effect at that time did not encompass the right to have the jury assess the punishment, the court held that there was no constitutional right to a jury trial on the issue of punishment. *Id.* at 17. The court added that its decision

was in accord with the common law and the federal constitution. *Id.* at 21.

In addressing the issue of waiver, the court declined to follow the rule in criminal cases that the waiver of a jury at the first trial does not affect the right to demand a jury at the second trial where the entire case is reversed on appeal. The rule is otherwise as to partial remands. The *Bullard* court held that for the purpose of the limited remand in the case for an error committed at the penalty stage before the judge, the defendant is bound by his waiver of a jury on the issue of punishment made at the original trial. *Id.* at 21.

Appellant contends that two provisions of the Code of Criminal Procedure are dispositive on the issue presented in this case. Tex.Code Crim.Proc.Ann. art. 37.072(b) (Vernon Supp.1990) provides:

> [I]f a finding of guilty is returned, it shall then be the responsibility of the judge to assess the punishment applicable to the offense; provided, however, that (1) in any criminal action where the jury may recommend probation and the defendant filed his sworn motion for probation before the trial began, and (2) in other cases where the defendant so elects in writing before the commencement of the voir dire examination of the jury panel, *the punishment shall be assessed by the same jury, except as provided in Article 44.29....* (emphasis added)

Defendant primarily bases his argument upon Tex.Code Crim.Proc.Ann. art. 44.29(b) (Vernon Supp.1990) which provides in pertinent part:

> If the court of appeals or the Court of Criminal Appeals awards a new trial to the defendant only on the basis of an error or errors made in the punishment stage of the trial, the cause shall stand as it would have stood in case the new trial had been granted by the court below, except that *the court shall commence the new trial as if a finding of guilty had been returned and proceed to the punishment stage of the trial*

1. Although the statement of facts of that hearing is not in the record before this court, the parties are in agreement about the ruling of the trial court.

*under Subsection (b), Section 2, Article 37.07 of this code.* If the defendant elects, the court shall empanel a jury for the sentencing stage of the trial in the same manner as a jury is empaneled by the court for other trials before the court. (emphasis added)

In the foregoing provision, the legislature mandated that when the error occurs during the punishment stage, the cause begins on remand at that point—the punishment stage. Articles 44.29(b) and 37.-072(b) refer to each other. We interpret the language in 37.07 "except as provided in Article 44.29" to mean that, if the defendant elects at the original trial to have a jury assess punishment, it will be the same jury as determined guilt, *unless* the case was reversed and remanded for new punishment assessment only. Obviously, it would be impractical, if not impossible, for the court to reempanel the same jurors who determined guilt to assess punishment upon remand. Furthermore, article 37.-072(b) is limited to pleas of *not guilty* before a jury. *Morales v. State,* 416 S.W.2d 403 (Tex.Crim.App.1967). Moreover, it is our opinion that article 44.29 does not alter the law adopted in *Bullard* that the previously executed waiver remains binding but, by referring to Article 37.07, merely allows for a jury to be empaneled upon remand to the punishment stage in cases where the jury, after a finding of guilt, recommended probation or the defendant elected the jury in writing prior to voir dire of the jury at the original proceedings.

Therefore, we hold the reference in article 44.29 to article 37.07 does not apply where the defendant pleads guilty before the judge. *Jackson v. State,* 628 S.W.2d 119, 120 (Tex.App.—Beaumont 1981, pet. ref'd). Appellant, by virtue of his plea of guilty before the trial court, waived his right to a jury trial in this case. Appellant is bound by his waiver of a jury on the issue of punishment made at that time.

The judgment is affirmed.