TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00517-CR







George D. Honeycutt, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY


NO. 392594, HONORABLE WILFRED AGUILAR, JUDGE PRESIDING








 Appellant George Donald Honeycutt, Jr., appeals from his conviction for driving
a motor vehicle in a public place while intoxicated. Act of May 27, 1983, 68th Leg., R.S., ch.
303, § 3, 1983 Tex. Gen. Laws 1568, 1575 (Tex. Rev. Civ. Stat. Ann. art. 6701l-1(b), since
amended and codified at Tex. Penal Code Ann. § 49.04 (West 1994)). The jury also found, as
alleged, that appellant had been convicted previously of driving a motor vehicle while intoxicated
and assessed his punishment at confinement in the county jail for ninety days and a fine of
$2,000.00.

 Appellant contends that: (1) the trial court should have instructed the jury to
disregard the results of an intoxilyzer test administered to appellant if the jury found that the
arresting officer told appellant that he would go to jail if he refused the test and would be released
if he took it and passed; (2) the evidence presented at trial is insufficient to prove that the prior
DWI conviction alleged for enhancement was a final conviction; (3) the evidence presented at trial
is insufficient to prove that the prior DWI conviction was for an offense committed within 10
years of the primary offense; and (4) the trial court should have allowed appellant to reopen to
prove his eligibility for probation. We will affirm the judgment of conviction, but remand the
cause to the trial court for reassessment of the punishment.

 We first consider appellant's third point of error which occurred at the punishment
phase of the trial. The State concedes that it failed to prove beyond a reasonable doubt that
appellant committed the primary offense within ten years of committing the prior offense alleged
to enhance punishment. The State also agrees that the proper remedy is to remand the cause to
the trial court for reassessment of punishment. Tex. Code Crim. Proc. Ann. art. 44.29(b) (West
Supp. 1996); Levy v. State, 818 S.W.2d 801, 803 (Tex. Crim. App. 1991); cf. Saldana v. State, 
826 S.W.2d 948, 950-51 (Tex. Crim. App. 1992). Further, the State acknowledges that because
it failed to prove the enhancement allegation, it is precluded from relitigating that allegation. Ex
parte Agusta, 639 S.W.2d 481, 485 (Tex. Crim. App. 1982). Appellant's third point of error is
sustained.

 Points of error two and four also concern the punishment phase of the trial. 
Because we remand for reassessment of punishment and the State is precluded from relitigating
the enhanced punishment allegation, we need not decide these points of error raising matters
which will not be issues on the reassessment of punishment.

 In his first point of error, appellant asserts that the trial court erred in refusing his
requested jury instruction that the jury not consider the results of an intoxilyzer test if it found the
test results were obtained by physical or psychological coercion and that admission of the evidence
violated the Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 38.23 (West Supp.
1996). Appellant has made no harm analysis resulting from the claimed error. Appellant argues
that his testimony raised the issue and entitled him as a matter of law to the requested instruction. 
The error, he contends, requires reversal of the judgment regardless of harm. Since this case was
submitted, the Court of Criminal Appeals has held that "the harmless error rule of article 36.19
applies to the appellate review of errors predicated upon a disregard of the article 38.23
requirement of a jury instruction concerning evidence allegedly obtained in violation of the law." 
Atkinson v. State, No. 248-94, slip op. at 9 (Tex. Crim. App. May 1, 1996).

 When a specially requested jury instruction has been erroneously refused, the
judgment should not be reversed on appeal unless the error appearing from the record was
calculated to injure the rights of the defendant. Tex. Code Crim. Proc. Ann. art. 36.19 (West
1981). Even though the alleged error has been properly preserved for review, a defendant must
have suffered some actual, rather than theoretical, harm from the error. LaPoint v. State, 750
S.W.2d 180, 191 (Tex. Crim. App. 1986); Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim.
App. 1984). "It is the defendant's burden under Art. 36.19 to persuade the reviewing court that
he suffered some actual harm as a consequence of the charging error. If he is unable to do so,
the error will not result in a reversal of his conviction." LaPoint, 750 S.W.2d at 191; see Abnor
v. State, 871 S.W.2d 726, 732 (Tex. Crim. App. 1994).

 We will assume without deciding that the court erroneously refused to grant
appellant's requested instructions. Even though appellant has not made a harm analysis and
argument, we will decide, in light of the entire record, whether the claimed error was calculated
to injure appellant's rights.

 The State in the information, in addition to alleging that appellant "had an alcohol
concentration of at least 0.10," alleged that appellant did not have the normal use of his mental
and physical faculties by reason of the induction of alcohol into his body. See Daricek v. State,
875 S.W.2d 770, 771-72 (Tex. App.--Austin 1994, pet. ref'd). The jury was instructed on both
allegations and there is ample evidence to support the jury's verdict that appellant had lost the
normal use of his mental and physical faculties due to alcohol consumption. Appellant has failed
to persuade us that he suffered some actual harm because of the trial court's rejection of his
requested jury instruction. Appellant's first point of error is overruled.

 The judgment of conviction is affirmed, and the cause is remanded to the trial court
for assessment of punishment.



 

 Carl E. F. Dally, Justice

Before Justices Kidd, B. A. Smith and Dally*

Affirmed in Part; Reversed and Remanded in Part

Filed: June 19, 1996

Do Not Publish






* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).



oncern the punishment phase of the trial. 
Because we remand for reassessment of punishment and the State is precluded from relitigating
the enhanced punishment allegation, we need not decide these points of error raising matters
which will not be issues on the reassessment of punishment.

 In his first point of error, appellant asserts that the trial court erred in refusing his
requested jury instruction that the jury not consider the results of an intoxilyzer test if it found the
test results were obtained by physical or psychological coercion and that admission of the evidence
violated the Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 38.23 (West Supp.
1996). Appellant has made no harm analysis resulting from the claimed error. Appellant argues
that his testimony raised the issue and entitled him as a matter of law to the requested ins