**Allen Wayne JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–98–297–CR.**

Court of Appeals of Texas,
Waco.

June 30, 1999.

Kelly R. Myers, Corsicana, for appellant.

Patrick C. Batchelor, District Attorney, Lyndon Laird, Asst. District Attorney, Corsicana, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## O P I N I O N

BILL VANCE, Justice.

Allen Wayne Johnson was convicted of delivery of a controlled substance and sentenced to life imprisonment. He appeals, asserting that the court erred in not allowing him to waive his right to a jury at a new punishment hearing which a federal court ordered. We will affirm the judgment.

### PROCEDURAL HISTORY

In 1989, a jury convicted Johnson of delivery of a controlled substance. He was sentenced to 75 years' imprisonment. This court affirmed that judgment. *See Johnson v. State*, No. 10–90–003–CR (Tex. App.—Waco December 31, 1990) (not designated for publication). In 1992, the Court of Criminal Appeals vacated the judgment and remanded the case to this court for a harmless-error analysis after it found an improper jury argument. We again affirmed the judgment. *See Johnson v. State*, No. 10–90–003–CR (Tex.

App.—Waco March 3, 1993) (not designated for publication).

Johnson filed a petition for writ of habeas corpus in May of 1993, and a post-conviction application for writ of habeas corpus in December of 1994. Both petitions were denied by the trial court. The United States District Court for the Northern District of Texas later granted a writ. The State appealed the decision to the Fifth Circuit Court of Appeals, which reversed in part and remanded the cause for a new punishment hearing.

On July 23, 1998, Johnson filed an election to have the court assess his punishment. In August, he filed a motion to "exclude State's request for trial by jury." Johnson's "election" was denied based on the fact that the State did not consent to the waiver of a jury. *See* TEX.CODE CRIM. PROC. ANN. art. 37.07(2)(b) (Vernon Supp. 1999). The jury sentenced Johnson to life in prison.

Johnson brings one point of error in which he asserts that the court erred in refusing to allow him to waive his right to a jury.

## ARTICLE 44.29(b)

Article 44.29(b) of the Code of Criminal Procedure provides that, when a defendant is granted a new trial on punishment:

> [T]he cause shall stand as it would have stood in case the new trial had been granted by the court below, except that the court shall commence the new trial as if a finding of guilt had been returned and proceed to the punishment stage of the trial under Subsection (b), Section 2,

Article 37.07, of this code. If the defendant elects, the court shall empanel a jury for the sentencing stage of the trial in the same manner as a jury is empaneled by the court for other trials before the court....

*Id.* art. 44.29(b) (Vernon Supp.1999).[1] Article 37.07, section 2(b) provides that the defendant may, *with the consent of the attorney for the state,* change his election of who assesses punishment from his election at the guilt-innocence phase of trial. *Id.* art. 37.07, § 2(b).

The State argues that the language of article 44.29 indicates an intention to place Johnson in the position that he would have been "if a finding of guilt had been returned." Thus, it argues, the legislature must have intended for article 37.07, section 2(b) to control Johnson's right to an election at punishment. We disagree. The language of article 44.29 states that the cause "shall stand as it would have stood in case the new trial had been granted by the court below." In that event, a defendant would have the right to make a new election. *See* TEX.R.APP. P. 21.9 ("Granting a motion for new trial restores the case to its position before the former trial, including, at any party's option, arraignment or pretrial proceedings initiated by that party."); *Awadelkariem v. State,* 974 S.W.2d 721, 724 (Tex.Crim.App.1998) ("[T]he effect of the granting of a motion for new trial is to place the cause in the same position as if no trial had ever taken place."). Additionally, article 44.29(b) itself says "if the defendant elects," thereby further showing that the defendant has a

---

1. The concurrence relies on language in article 44.29(b) which would limit its applicability to new hearings awarded only by the courts of appeals or the Court of Criminal Appeals, and not when a federal court has awarded a new punishment hearing. In *Ex parte Current,* 877 S.W.2d 833 (Tex.App.—Waco 1994, no writ), we held that article 55.01(b) of the Code of Criminal Procedure was not limited to convictions reversed only by the Court of Criminal Appeals and not by intermediate appellate courts even though the language of the statute said it applies when a conviction is reversed by "the court of criminal appeals." Finding that a reading which would exclude convictions reversed by intermediate courts of appeals would lead to absurd results, we interpreted the statute to include convictions reversed by both the courts of appeals and the Court of Criminal Appeals. *Id.* at 837–38. We likewise do not believe that the legislature intended to exclude those new punishment hearings awarded through a habeas proceeding in federal court from the applicability of article 44.29.

right to a new election. TEX.CODE CRIM. PROC. ANN. art. 44.29(b); *Saldana v. State,* 826 S.W.2d 948, 950 (Tex.Crim.App.1992). Furthermore, article 37.07, section 2(b) exempts itself from new punishment hearings under article 44.29. TEX.CODE CRIM. PROC. ANN. art. 37.07, § 2(b).

In *Saldana,* the Court of Criminal Appeals held that article 44.29(b) permits a defendant to elect jury assessment of punishment after remand, notwithstanding his waiver of a jury before the original trial. *Saldana,* 826 S.W.2d at 950. Although the opposite request was made here, the rationale applies equally. Johnson wished to change his choice from a jury trial to a non-jury trial on punishment. Article 44.29(b) creates the right to choose *either* jury or court assessment of punishment after a remand, notwithstanding the choice made at the original trial. *Id.* at 950; *see also Easton v. State,* 920 S.W.2d 747, 751 (Tex.App.—Houston [1st Dist.] 1996, no pet.). Thus, Johnson was erroneously denied the right to elect court assessment of punishment.

■ Nevertheless, the right to waive a jury is not a constitutional right. It is a statutory right, and it is not absolute, as it is subject to the procedural conditions provided in article 1.13(a). *State ex rel. Turner v. McDonald,* 676 S.W.2d 371, 373 (Tex.Crim.App.1984); TEX.CODE CRIM. PROC. ANN. art. 1.13(a) (Vernon Supp.1999). Thus, we will apply a nonconstitutional harm analysis to the error. *See* TEX. R.APP. P. 44.2(b); *Fowler v. State,* 958 S.W.2d 853, 864–66 (Tex.App.—Waco 1997), *aff'd,* 991 S.W.2d 258 (Tex.Crim. App. 1999).

■ In considering harm, we review the entire record to determine whether the error had more than a slight influence on the verdict. *Id.* at 866. If we find that it did, we must conclude that the error affected the defendant's substantial rights in such a way as to require a new trial. *Id.* Otherwise, we disregard the error. *Id.*

■ Johnson was found guilty of delivery of a controlled substance. The possible sentence for this crime was heightened by an enhancement paragraph alleging a prior conviction for murder. The State proved that prior conviction as well as a prior conviction for theft. Five witnesses testified that Johnson's reputation for being a peaceful and law-abiding citizen is bad.

Johnson testified on his own behalf after his brother testified that his reputation for truthfulness is good. He told the jury that he had worked toward a college degree while in prison and that he had maintained a high academic grade-point average. Witnesses also testified that his conduct was good while in prison. Johnson refused, however, to apologize for any of the crimes that he had committed.

Considering the extent of Johnson's prior criminal history, we cannot say that the court's error in failing to allow Johnson to elect to have the court assess punishment affected his substantial rights. Thus, we disregard the error. *Id.* Issue one is overruled.

The judgment is affirmed.

TOM GRAY Justice, concurring.

The issue in this appeal is a question of statutory interpretation. Specifically, does Article 44.29(b) give a criminal defendant the right to change a prior election to have a jury determine punishment and instead have punishment determined by the trial court. Because I do not construe this Article as an independent grant of the right to change a prior election to have a jury determine punishment, I would hold that the trial court did not commit error by requiring the defendant's punishment be determined by a jury.

### RELEVANT PROCEDURAL BACKGROUND

Allen Wayne Johnson was convicted of delivery of a controlled substance. Pursuant to his valid election, punishment was determined by the jury. Punishment was assessed at 75 years in prison. The punishment was ultimately set aside by a fed-

eral court on a writ of habeas corpus due to improper argument. A new trial on punishment was ordered. Johnson wanted the new trial on punishment to be before the trial court rather than a jury. The state objected to changing from jury determination to trial court determination of punishment. The trial court rejected Johnson's request for court assessment of punishment and empaneled a jury. The jury assessed Johnson's punishment at life in prison.

## APPLICABLE LAW

There are two portions of the Code of Criminal Procedure potentially relevant to the issue before this Court. Article 37.07 provides:

**Art. 37.07. Verdict must be general; separate hearing on proper punishment**

Sec. 2. (a) In all criminal cases, other than misdemeanor cases of which the justice court or municipal court has jurisdiction, which are tried before a jury on a plea of not guilty, the judge shall, before argument begins, first submit to the jury the issue of guilt or innocence of the defendant of the offense or offenses charged, without authorizing the jury to pass upon the punishment to be imposed.

(b) Except as provided in Article 37.071 [related to death penalty convictions], if a finding of guilty is returned, it shall then be the responsibility of the judge to assess the punishment applicable to the offense; provided, however, that (1) in any criminal action where the jury may recommend probation and the defendant filed his sworn motion for probation before the trial began, and (2) in other cases where the defendant so elects in writing before the commencement of the voir dire examination of the jury panel, the punishment shall be assessed by the same jury, except as provided in Article 44.29. If a finding of guilty is returned, the defendant may, with the consent of the attorney for the state, change his election of one who assesses the punishment.

TEX.CODE CRIM. PROC. ANN. art. 37.07 (Vernon Supp.1999). The other potentially relevant article of the Code of Criminal Procedure provides as follows:

**Art. 44.29. Effect of reversal**

(b) If the court of appeals or the Court of Criminal Appeals awards a new trial to a defendant other than a defendant convicted of an offense under Section 19.03, Penal Code, only on the basis of an error or errors made in the punishment stage of the trial, the cause shall stand as it would have stood in case the new trial had been granted by the court below, except that the court shall commence the new trial as if a finding of guilt had been returned and proceed to the punishment stage of the trial under Subsection (b), Section 2, Article 37.07, of this code. If the defendant elects, the court shall empanel a jury for the sentencing stage of the trial in the same manner as a jury is empaneled by the court for other trials before the court. At the new trial, the court shall allow both the state and the defendant to introduce evidence to show the circumstances of the offense and other evidence as permitted by Section 3 of Article 37.07 of this code.

TEX.CODE CRIM. PROC. ANN. art. 44.29(b) (Vernon Supp.1999).

These two provisions must be analyzed together since they each refer to the other by their express terms. A principle objective when construing a statute is to determine the legislature's intent. *Ex parte Jones*, 957 S.W.2d 849, 850 (Tex.Crim.App. 1997). The reviewing court should first examine the language of the statute and determine if the intent can be determined from the plain meaning of the words used. Only if the plain meaning of the words used leaves the intent of the legislature in doubt, does the court resort to alternative means of determining legislative intent. *See Ex parte Evans*, 964 S.W.2d 643, 646 (Tex.Crim.App.1998).

The right to have a jury trial on guilt/innocence is guaranteed by the United

States and Texas constitutions. U.S. CONST. amend VI; TEX. CONST. art. 1, § 10. There is no corresponding right to have punishment determined by a jury. Nor is there an absolute right, statutory or otherwise, to have punishment set by the trial court. Who imposes punishment is controlled primarily by statute. *State ex rel. Turner v. McDonald,* 676 S.W.2d 371, 373 (Tex.Crim.App.1984). Thus, before a complaint about the one who imposed punishment can be sustained, the defendant must show a statutory or other right to have punishment assessed by someone else or that due process was violated by having punishment assessed in the manner that it was.

The record before us does not disclose the basis upon which Johnson's punishment was assessed by the jury in the first trial. It had to be as a result of some affirmative action that he took. Pursuant to article 37.07(2)(b), the court would have determined punishment unless Johnson either filed a sworn motion for probation or an election to have the jury determine punishment. TEX.CODE CRIM. PROC. ANN. art. 37.07(2)(b) (Vernon Supp.1999). The State's brief states that Johnson filed an election to have punishment assessed by the jury pursuant to Article 37.07(2)(b).[1] This factual statement is not contested by Johnson.

Thus, immediately after Johnson's application for writ of habeas corpus was granted he stood convicted of delivery of a controlled substance, was awaiting a determination of punishment and had filed an election to have punishment assessed by the jury. The case was in this procedural posture when Johnson attempted to change his prior election to have the jury assess punishment by filing an election to have the trial court determine punishment, and a motion to preclude the State from requesting a jury determination of punishment. In this procedural posture the trial court need look no further than the express language of Article 37.07(2)(b) to

determine that for the defendant to change the election of who would determine punishment after a finding of guilty, the State must consent. *Id.* To alter this result the defendant must show some other source of his right to change his election.

In this case, Johnson points to article 44.29 of the Code of Criminal Procedure. TEX.CODE CRIM. PROC. ANN. art. 44.29(b) (Vernon Supp.1999). This article does not resolve the question in Johnson's situation. First, by its express terms article 44.29 only applies if a court of appeals or the Court of Criminal Appeals awards a new trial on punishment to a defendant on the basis of an error or errors made in the punishment stage of the trial. *Id.* Johnson's new trial on punishment is the result of the United States Court of Appeals for the Fifth District affirming the federal district court's grant of his application for a writ of habeas corpus. Article 44.29 does not apply.

Even if article 44.29 applies to Johnson's situation, it is not a grant of a right to change his prior election of having the jury determine punishment to now require punishment to be determined by the trial court. If article 44.29 operated as a totally new and independent opportunity for a defendant to choose who would determine punishment, there would be no need to refer back to article 37.07(2)(b). *See Id.* This reference would be totally unnecessary if the defendant can elect to have either the jury or trial court determine punishment on a new trial of punishment only. We must reconcile the language of both statutes to give them meaning and not construe one so that it eliminates the need for the other, particularly when the other statute is specifically referenced.

Article 44.29, provides that "if the defendant elects, the court shall empanel a jury ..." *Id.* Johnson had so elected and therefore the trial court was under a statutory duty to empanel a jury to determine punishment. After his determination of guilt,

---

**1.** The State makes numerous references to the transcript (now clerk's record) from the origi-

nal proceeding. That record is not before us on this appeal.

Johnson was attempting to change his prior election. Article 44.29 does not address the timing of the election with good reason. By its reference back to article 37.07(2)(b), the timing of the defendant's election impacts other provisions of the statute. If there was a valid election to have the jury determine punishment prior to a determination of guilt, that election is still in full force and effect. The defendant need not renew his election for a jury determination of guilt if that election was previously made. However, if that election had not been previously made, the defendant can still utilize the provisions of Article 37.07(2)(b) to change who will determine punishment. But, when the defendant is trying to change his prior decision of who will assess punishment after a verdict of guilty has been returned, as in the situation before this court, article 37.07(2)(b) requires that the state must consent to the change. TEX.CODE CRIM. PROC. ANN. art. 37.07(2)(b) (Vernon Supp. 1999).

Further, as specifically applied to this case, Johnson is trying to elect to have the trial court determine punishment, not the jury. Thus, his attempt to "elect" to have the trial court determine punishment is not specifically covered by the language "if the defendant elects, the court shall empanel a jury for the sentencing stage ..." TEX. CODE CRIM. PROC. ANN. art. 44.29(b) (Vernon Supp.1999). This provision obviously means that if the defendant had previously elected to have the jury determine punishment, or if after the verdict of guilty the defendant elects to have the jury determine punishment rather than the trial court and the State consents to that change, then the trial court will empanel a jury in the same manner as a jury is empaneled for other trials.

Johnson (and the majority opinion) relies heavily on dicta in *Saldana v. State,* 826 S.W.2d 948 (Tex.Crim.App.1992) construing article 44.29 to grant the defendant the right to elect between having a jury or the trial court determine punishment in a new trial for punishment. *Saldana* held that article 44.29 granted a defendant who had pleaded guilty, and thus did not initially have the right to elect to have a jury determine punishment, the right to elect a jury determination of punishment in a new punishment trial. *Id.* at 951. If that issue were presented to this court, the holding of the Court of Criminal Appeals would be binding precedent. However, Johnson's situation is distinguishable for several reasons. First, Johnson had previously elected to have the jury make the determination of punishment and he now seeks to change that election. Saldana was seeking to have the jury assess punishment rather than the trial court. Secondly, Saldana had never made an election because he pleaded guilty to multiple counts, some of which were reversed by the federal district court on his writ of habeas corpus as affirmed in part by the United States Fifth District Court of Appeals, thus requiring a new determination of punishment. There is no reason to extend *Saldana* holding to other situations not clearly controlled by its facts and holding.

## CONCLUSION

For the foregoing reasons I would hold that the trial court did not err when he refused to grant Johnson's request to change his prior election of having the jury determine punishment without the state's consent after the return of a guilty verdict. I would affirm the conviction, without the necessity of conducting a harm analysis as has been done by the majority. Accordingly, I concur in the judgment affirming the judgment of the trial court.