Affirmed and Memorandum Opinion filed September 13, 2007








Affirmed and Memorandum Opinion filed September 13, 2007.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00818-CR

_______________

 

JOSEPH ANTHONY CRAWFORD, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 185th District Court

Harris County, Texas

Trial Court Cause No. 994,680

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

In his
sole issue, appellant, Joseph Anthony Crawford, contends the trial court
reversibly erred by denying him a jury trial at his punishment hearing.  Our disposition is
based on settled law.  Accordingly, we issue this memorandum opinion and
affirm.  See Tex. R. App. P. 47.4.  

 

 

 








I.  Background 

A jury
found appellant guilty of the felony offense of evading arrest or detention. 
Subsequently, the trial court sentenced appellant to thirty-five years= confinement.  The First Court of
Appeals affirmed his conviction but reversed and remanded for a new trial on
punishment.  See Crawford v. State, No. 01-05-00292-CR, 2006 WL 908458,
at *2 (Tex. App.CHouston [1st Dist.] April 6, 2006, no pet.) (not designated
for publication).  The trial court conducted the new punishment hearing without
a jury.  Appellant was sentenced to eighteen years= confinement. 

II.  Analysis

If a
court of appeals or the Court of Criminal Appeals reverses and remands for
errors in the punishment phase only,  the court shall commence the new trial as
if a finding of guilt had been returned and proceed to the punishment stage of
the trial.  See Tex. Code Crim.
Proc. Ann. art. 44.29(b) (Vernon 2006).  AIf the defendant elects, the court shall empanel a jury for
the sentencing stage of the trial in the same manner as a jury is empaneled by
the court for other trials before the court.@ Id. (emphasis added). 
Therefore, a defendant has the option after remand to choose either the court
or a jury to assess punishment.  Easton v. State, 920 S.W.2d 747, 751
(Tex. App.CHouston [1st Dist.] 1996, no pet.); Johnson v. State, 995 S.W.2d
926, 928 (Tex. App.CWaco 1999, no pet.).  Furthermore, a defendant may elect 
jury assessment of punishment after remand, notwithstanding his previous
election in the original trial.  Saldana v. State, 826 S.W.2d 948, 951
(Tex. Crim. App. 1992); Johnson, 995 S.W.2d at 929.   








However,
the Court of Criminal Appeals has consistently held that Athe constitutional right of trial by
jury does not encompass the right to have a jury assess punishment.@  Martin v. State, 753 S.W.2d 384, 389 (Tex. Crim.
App. 1988); Easton, 920 S.W.2d at 750S751.  Punishment by jury is a
statutory right.  Martin, 753 S.W.2d at 389B90; Easton, 920 S.W.2d at 751. 
Code of Criminal Procedure article 37.07(b)(2) includes the general provisions
for requesting punishment by a jury.  Under article 37.07(b)(2), after a guilty
finding is returned, it is the judge=s responsibility to assess punishment
unless the defendant elects punishment by a jury, in writing, before
commencement of voir dire.  See Tex.
Code Crim. Proc. Ann. art. 37.07(b)(2) (Vernon 2006); see also Easton,
920 S.W.2d at 751 (explaining when considering article 44.29(b) and article
37.07(b)(2) together, article 44.29(b) Aclearly envisions a new jury will be
empaneled on remand if the defendant elects punishment by jury@).  

Appellant
contends he gave notice regarding his election for a jury to assess punishment
on the court=s Agreed Setting form. Appellant=s trial attorney signed the form on
which the following language appears:  AThe undersigned Counsel hereby agrees
this case is reset for Jury Trial to Aug. 31, 2006.@  Appellant also argues that he verbally
informed the trial court before and during the punishment hearing regarding his
request for a jury trial.  In response, the State contends appellant waived his
right to a jury because he failed to timely object.  See Tex. R. App. P. 33.1.   Assuming, without
deciding, the Agreed Setting form constituted an election, we agree with the
State=s contention that appellant waived
his right to a jury trial by failing to timely object.  

We first
note that the record does not include appellant=s alleged verbal request prior to the
hearing. At the beginning of the punishment hearing, the trial court asked both
parties if they were ready to proceed.  Both parties announced ready, without objection. 
The State offered its evidence and asked the court to take judicial notice that
the same evidence had been previously submitted at the guilt/innocense phase. 
Appellant did not object. Thereafter, appellant pleaded true to the two
enhancement paragraphs.  After the State rested, appellant objected for the
first time that he had requested a jury for his new punishment hearing.  








In sum,
by the time appellant objected, both parties had announced ready, the State had
offered and the court admitted its evidence, appellant had pleaded true to the
enhancement paragraph, and the State had rested.  Therefore, we hold appellant
waived his right to have the jury assess punishment. See Martin, 753
S.W.2d at 388 (holding defendant waived right to jury-assessed punishment even
though defendant filed a written motion requesting that the jury assess
punishment because defendant did not object when trial court heard punishment
evidence and assessed punishment);  Martin v. State, 452 S.W.2d 481, 482B83 (Tex. Crim. App. 1970) (holding
defendant waived right to jury-assessed punishment even though defendant made a
written request to have jury assess punishment because defendant did not object
to jury=s discharge and raised no question
concerning the right of the trial court to assess punishment during the hearing
or in the motion for new trial); Easton, 920 S.W.3d at 751 (holding
defendant waived right to jury-assessed punishment where defendant neither
filed an election requesting a jury to be empaneled to assess punishment, nor
objected to trial court=s receiving evidence and assessing punishment); Mangham v.
State, 833 S.W.2d 705, 708 (Tex. App.CHouston [1st Dist.] 1992, no pet.)
(holding defendant waived right to jury-assessed punishment even though
defendant filed a motion electing to have jury assess punishment because the
prosecutor mentioned during voir dire that jury would not be deciding
punishment, neither party conducted voir dire regarding punishment, jury was
dismissed without objection, and the court=s final judgment indicated defendant=s election for trial court to assess
punishment); Caro v. State, 771 S.W.2d 610, 619 (Tex. App.CDallas 1989, no pet.) (holding
defendant waived right to jury-assessed punishment because defendant filed
motion for jury-assessed punishment after State had almost completed its voir
dire, making the election untimely); Teubner v. State, 742 S.W.2d 57, 58
(Tex. App.CHouston [14th Dist.] 1988, pet. ref=d) (holding defendant waived right to
jury-assessed punishment where defendant filed election for jury punishment
after defendant pleaded not guilty, making the election untimely).  

 

 








Appellant=s sole issue is overruled, and the
judgment of the trial court is affirmed.

 

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Memorandum
Opinion filed September 13, 2007.

Panel consists of Justices Yates,
Edelman, and Seymore.*

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 

 

 

 









*  Senior Justice Richard H. Edelman sitting by
assignment.