**Affirmed and Memorandum Opinion filed July 17, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-11-00263-CR

**MICHAEL CLEON MASTERS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 1253414**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Michael Cleon Masters of robbery and assessed punishment at 40 years' imprisonment. Appellant challenges his conviction and punishment in two issues, arguing that the trial court erred by (1) denying appellant his right to self-representation; and (2) allowing the jury to assess punishment when appellant changed his election to have the court assess punishment. We affirm.

### BACKGROUND

Appellant was indicted for robbery, and the trial court appointed him counsel.

When entering his plea of not guilty, appellant and his counsel signed a motion for the jury to assess punishment. Appellant also filed a pro se motion for hybrid representation and sent a letter to the trial court stating his dissatisfaction with counsel. Before the venire was brought into the courtroom on the first day of trial, the trial court denied appellant's request for hybrid representation. Trial counsel continued to represent appellant.

After the jury found appellant guilty, he told the court he wanted the court to sentence him instead of the jury. The trial court denied the request without any comment from the State. Appellant pleaded true to two enhancements, and the jury assessed punishment at 40 years' imprisonment.

## SELF-REPRESENTATION

In his second issue, appellant contends that the trial court erred by denying his Sixth Amendment right to self-representation without receiving appropriate admonishments. The State contends that the trial court did not deny appellant his right to self-representation because appellant never made a clear and unequivocal assertion of the right.

We review the factual issue of whether a defendant has clearly and unequivocally invoked the right to self-representation for an abuse of discretion. *See DeGroot v. State*, 24 S.W.3d 456, 457–58 (Tex. App.—Corpus Christi 2000, no pet.). We view the evidence in the light most favorable to the trial court's ruling, and we will imply any findings of fact supported by the record and necessary to affirm the trial court's ruling when, as here, the trial court did not make explicit findings. *See Chadwick v. State*, 309 S.W.3d 558, 561 (Tex. Crim. App. 2010).

The Sixth and Fourteenth Amendments to the United States Constitution protect a defendant's right to self-representation in a criminal proceeding. *Moore v. State*, 999 S.W.2d 385, 396 (Tex. Crim. App. 1999) (citing *Faretta v. California*, 422 U.S. 806, 818–20 (1975)). "[A]n accused's right to proceed pro se does not attach until he clearly

2

and unequivocally asserts it." *Hathorn v. State*, 848 S.W.2d 101, 123 (Tex. Crim. App. 1992). In determining whether the right was clearly and unequivocally asserted, a defendant's statement "cannot be taken alone or out of context." *DeGroot*, 24 S.W.3d at 458. However, a defendant's mere dissatisfaction with appointed counsel or a request for hybrid representation does not establish a clear and unequivocal assertion of the right of self-representation. *See Saldaña v. State*, 287 S.W.3d 43, 55 (Tex. App.—Corpus Christi 2008, pet. ref'd); *Cain v. State*, 976 S.W.2d 228, 235–236 (Tex. App.—San Antonio 1998, no pet.); *see also Glover v. State*, No. 14-03-00763-CR, 2004 WL 1192822, at *2 (Tex. App.—Houston [14th Dist.] June 1, 2004, pet. struck) (mem. op., not designated for publication).[1]

Once the right to self-representation has been asserted unequivocally, the trial court must admonish the defendant about the dangers and disadvantages of self-representation. *Faretta*, 422 U.S. at 835; *Birdwell v. State*, 10 S.W.3d 74, 78 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd). Thereafter, if the defendant persists in seeking to proceed pro se, the court must allow self-representation. *Burgess v. State*, 816 S.W.2d 424, 428–29 (Tex. Crim. App. 1991).

Before trial, appellant filed a motion for hybrid representation and wrote a letter to the trial court describing his complaints about trial counsel. Appellant asked the court to "not require him to waive his right to counsel in order to be permitted to file motions, and not to force him to choose a pro se defense in order to full [sic] exercise his Sixth Amendment right under the United States Constitution." Before the venire was brought into the courtroom on the first day of trial, the following colloquy ensued:

> MR. GARZA: . . . I would like to state that Mr. Masters wanted to speak with you directly, but I admonished him, please do not talk about any facts of the case. But he wants to speak with you about problems that he has with me, I believe, Your Honor. And I'll turn it over to Mr. Masters.
>
> THE COURT: Let me tell you this before you say anything. I don't allow

---

[1] "There is no constitutional right in Texas to hybrid representation partially pro se and partially by counsel." *Landers v. State*, 550 S.W.2d 272, 280 (Tex. Crim. App. 1977).

3

hybrid representation. You and him, he's the lawyer. Did you go to law school? It's yes or no.

THE DEFENDANT: Yes.

THE COURT: You went to law school?

THE DEFENDANT: Yes, sir, I did.

THE COURT: Where?

THE DEFENDANT: Thurgood Marshall, sir.

THE COURT: When did you go? What years?

THE DEFENDANT: 1979.

THE COURT: How long were you there?

THE DEFENDANT: A year and a half.

THE COURT: And you left it? You didn't finish?

THE DEFENDANT: No, I didn't finish. No, sir.

THE COURT: You do have a college education?

THE DEFENDANT: Yes, sir, I do, sir.

THE COURT: So it's the day of trial and now you want to put something on the record. You may put it on the record. But let me tell you this: There is only one lawyer standing before me representing you. That's Mr. David Garza. I'm not allowing hybrid representation. You have a lawyer that has 30 years of experience down here and has had thousands upon thousands of cases. And you haven't had any that you have done yourself. So I'm telling you, there is an expert here and there's somebody that is completely unprepared. So whatever you want to say, you may say it at this time.

THE DEFENDANT: There is two unprepared. Mr. Garza is unprepared also. Mr. Garza has only paid me one visit in 13 months that I have been incarcerated, so he don't know any details about the case. I don't trust Mr. Garza and I feel that he don't have my best interests at heart. Since I have filed a bond, he has even said that I would pay, to my face.

*       *       *

THE COURT: I'm trying to tell you something, sir. He is your attorney today. We're going to trial. The jury is out in the hallway. Let me tell you this: Cooperate with him through trial because he does have your best interest at heart right now and there is nobody else here that does. He does. He is your lawyer.

Appointed counsel continued to represent appellant. Before the punishment phase of the

trial, without the jury present, the following colloquy ensued:

> THE DEFENDANT: If I was found guilty and my attorney agreed on the jury sentence — I wanted jury sentence and I want you to sentence.
>
> THE COURT: No, that's what you have. You have the jury sentence.
>
> THE DEFENDANT: I didn't quite understand.
>
> THE COURT: Sir, you went to law school. You told me before you went — stop a moment. You told me before you went a year and a half to law school. You wanted to be your own attorney.
>
> THE DEFENDANT: But I wanted you to sentence me, though.
>
> THE COURT: That's not what you asked for. You asked for the jury to do your sentencing. That's who is going to do your sentencing.

Appellant's expression of dissatisfaction with trial counsel does not constitute a clear and unequivocal assertion of the right to self-representation. *See Cain*, 976 S.W.2d at 236. And appellant's request for hybrid representation is "not an unequivocal request for self-representation sufficient to require the trial court to conduct a *Faretta* hearing." *Saldaña*, 287 S.W.3d at 55–56; *see also Denmark v. State*, No. 06-02-00222-CR, 2004 WL 314884, at *3 (Tex. App.—Texarkana Feb. 20, 2004, no. pet.); *Douglas v. State*, No. 14-00-01226-CR, 2002 WL 1988163, at *9 (Tex. App.—Houston [14th Dist.] Aug. 29, 2002, pet. ref'd).

Appellant primarily contends that the trial court's statement, "You wanted to be your own attorney," made immediately before punishment, indicates that the trial court knew appellant wanted to represent himself. There is no authority to support this argument. To find a clear and unequivocal assertion of the right, courts have required a more express statement from the defendant or counsel. *See, e.g.*, *Hathorn*, 848 S.W.2d at 123 ("Thus, I would reurge the Court to allow me to proceed pro se, under [F]aretta versus California."); *Funderburg v. State*, 717 S.W.2d 637, 639 (Tex. Crim. App. 1986) ("I'm saying I would like to represent myself . . . I would still like to represent myself."); *Blankenship v. State*, 673 S.W.2d 578, 580 (Tex. Crim. App. 1984) ("Yes, sir. I would like to pro se my own case."); *Kombudo v. State*, 148 S.W.3d 547, 551 (Tex. App.—Houston [14th Dist.] 2004) ("I would like to proceed pro se."), *vacated on other ground*,

171 S.W.3d 888 (Tex. Crim. App. 2005), *appeal perm. abated*, No. 14–03–00738–CR, 2006 WL 54413 (Tex. App.—Houston [14th Dist.] Jan. 12, 2006, no pet.) (mem. op., not designated for publication); *Birdwell*, 10 S.W.3d at 76 ("[Defendant] wants me to tell you he wants to represent himself."); *Glover v. State*, No. 09-06-00325-CR, 2007 WL 5442525, at *3 (Tex. App.—Beaumont Aug. 27, 2008, no pet.) (mem. op., not designated for publication) ("Yes sir, I wish to proceed pro se . . . I understand the pitfalls of representing myself."). Appellant never made a clear and unequivocal request for self-representation.

Appellant's second issue is overruled.[2]

### CHANGE OF ELECTION TO ASSESS PUNISHMENT

In his first issue, appellant argues that the trial court erred by allowing the jury to assess punishment when appellant asked the court to assess punishment. The State contends that the trial court properly denied appellant's request to change his punishment election because the "trial court's decision not to allow a change of election demonstrates an implicit finding that the State did not consent."

Article 37.07, section 2(b), provides:

> Except as provided by Article 37.071 or 37.072, if a finding of guilty is returned, it shall then be the responsibility of the judge to assess the punishment applicable to the offense; provided, however, that (1) in any criminal action where the jury may recommend community supervision and the defendant filed his sworn motion for community supervision before the trial began, and (2) in other cases where the defendant so elects in writing before the commencement of the voir dire examination of the jury panel, the punishment shall be assessed by the same jury, except as provided in Section 3(c) of this article and in Article 44.29. If a finding of guilty is returned, the defendant may, with the consent of the attorney for the state, change his election of one who assesses the punishment.

Tex. Code Crim. Proc. Ann. art. 37.07, § (2)(b) (Vernon 2006).

---

[2] Because appellant did not clearly and unequivocally assert his right to self-representation, we need not address the State's argument that appellant was attempting to delay the proceedings. *See* Tex. R. App. P. 47.1.

After the jury found appellant guilty, appellant told the court he wanted the court to assess punishment. The court reminded him that he already had elected to have the jury assess punishment, and the court told appellant that the jury would assess punishment. The State made no statement indicating whether it consented to or opposed the change in election, and the jury assessed punishment.

Appellant relies upon *Saldana v. State*, 826 S.W.2d 948 (Tex. Crim. App. 1992) and *Johnson v. State*, 995 S.W.2d 926 (Tex. App.—Waco 1999, no pet.), to argue that he was entitled to change his election because the State did not object and there is no indication in the record that the State would have objected. Appellant misplaces his reliance on these cases. *Saldana* and *Johnson* interpreted Article 44.29, which permits a defendant to have either a jury or the court assess punishment after remand without requiring the consent of the attorney for the State. *See* Tex. Code Crim. Proc. Ann. art. 44.29(b) (Vernon 2006); *Saldana*, 826 S.W.2d at 950; *Johnson*, 995 S.W.2d at 932. This case is not on remand, and Article 37.07 governs. Therefore, *Saldana* and *Johnson* are inapposite.

Appellant contends that "Article 37.07 gives the defendant the right to determine whether the court or the jury will assess his punishment; the trial court must abide by the defendant's timely election." Under Article 37.07, section (2)(b), if a finding of guilty is returned, "it is the responsibility of the trial judge to assess punishment unless the accused requests that the jury assess punishment either in a timely filed motion so electing or in a sworn motion requesting the jury to recommend probation." *Gibson v. State*, 549 S.W.2d 741, 742 (Tex. Crim. App. 1977). "Once the accused so elects, he may change his election of one who assesses the punishment only if the attorney for the State consents." *Id*. Of key importance in this case, the trial court is not required to grant a defendant's request to change his election unless it is "with the consent of the attorney for the state." Tex. Code Crim. Proc. Ann. art. 37.07, § (2)(b).

When a trial court **grants** a defendant's request to change his election, the State's silence or failure to object is "tantamount to the State's consent to the change." *Garza v.*

7

*State*, 479 S.W.2d 294, 297 (Tex. Crim. App. 1972). Unlike *Garza*, the trial court here *denied* appellant's request to change his punishment election.

We do not infer the State's consent to a change in punishment election from the State's silence in the face of a trial court ruling refusing to permit a change. *See Gore v. State*, No. 12-09-00164-CR, 2010 WL 337336, at *2 (Tex. App.—Tyler Jan. 29, 2010, no pet.) (mem. op., not designated for publication) (declining to infer consent when the State did not object to a change in election and told the court that it was "discretionary with the court;" trial court properly denied appellant's request to change his election); *see also Daniel v. State*, 577 S.W.2d 231, 235 (Tex. Crim. App. 1979) (no error for the jury rather than judge to assess punishment when the defendant asked the trial court to submit his application for probation to the jury, and "[t]here [was] no consent of the attorney for the State to change his election").

Appellant's first issue is overruled.

## CONCLUSION

Having overruled all of appellant's issues, we affirm the trial court's judgment.


/s/      William J. Boyce
         Justice



Panel consists of Justices Seymore and Boyce and Senior Justice Mirabal.[*]

Do Not Publish — TEX. R. APP. P. 47.2(b).

---

[*] Senior Justice Margaret Garner Mirabal sitting by assignment.