**Opinion issued February 19, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-14-00635-CR

———————————————

**JAMES DANIEL BOONE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 253rd District Court**
**Chambers County, Texas**
**Trial Court Case No. 13035**

---

## MEMORANDUM OPINION

A jury convicted appellant James Daniel Boone of the state jail felony offense of evading arrest or detention while using a motor vehicle and the trial court assessed his punishment at ten years' confinement. This Court affirmed Boone's conviction, but reversed the portion of the judgment assessing punishment

and remanded for a new punishment hearing. *See Boone v. State*, No. 01–09–01020–CR, 2010 WL 3928533 (Tex. App.—Houston [1st Dist.] Oct. 7, 2010, pet. ref'd) (mem. op., not designated for publication). In a single issue, Boone argues that the trial court erred by denying his request to have a jury assess his punishment on remand. We affirm.

If a court of appeals or the Court of Criminal Appeals reverses and remands for errors in the punishment phase only, the trial court shall commence the new trial as if a finding of guilt had been returned and proceed to the punishment stage of the trial. *See* TEX. CODE CRIM. PROC. ANN. art § 44.29(b) (West Supp. 2014). "If the defendant elects, the court shall empanel a jury for the sentencing stage of the trial in the same manner as a jury is empaneled by the court for other trials before the court." *Id.* Therefore, a defendant has the option to elect to have the court or a jury assess his punishment on remand. *Easton v. State*, 920 S.W.2d 747, 751 (Tex. App.—Houston [1st Dist.] 1996, no pet.); *see also Johnson v. State*, 995 S.W.2d 926, 928 (Tex. App.—Waco 1999, no pet.). A defendant may elect to have a jury assess his punishment after remand, notwithstanding his previous election in the original trial. *Saldana v. State*, 826 S.W.2d 948, 951 (Tex. Crim. App. 1992); *Johnson*, 995 S.W.2d at 929.

A defendant's right to have a jury assess his punishment, however, is a statutory right, the denial of which is subject to non-constitutional harm analysis

under Texas Rule of Appellate Procedure 44.2(b). *See* TEX. R. APP. P. 44.2(b); *Johnson*, 995 S.W.2d at 929 (holding that trial court's erroneous denial of defendant's right to elect to have either court or jury assess punishment was harmless error under Rule 44.2(b)). In considering harm, we review the entire record to determine whether the error had more than a slight influence on the verdict. *Johnson*, 995 S.W.2d at 929. If we find that it did, we must conclude that the error affected the defendant's substantial rights in such a way as to require a new trial. *Id.* Otherwise, we disregard the error. *Id*.

Here, Boone elected for the jury to assess his punishment on remand, and orally reiterated his request immediately prior to the commencement of the hearing. The trial court denied Boone's request and, after hearing testimony and arguments of counsel, assessed Boone's punishment at 180 days confinement—the statutory minimum for a state jail felony—and gave Boone credit for time served.[1] Although the trial court's denial of his request was error, *see Saldana*, 826 S.W.2d at 951, in light of the record, including the aforementioned facts, we cannot say that the error affected Boone's substantial rights in such a way as to require a new punishment hearing. He could not have received anything less from a jury. *See*

---

[1] Boone, who is currently serving two life sentences for aggravated assault, was not eligible for a probated sentence in this case. *See Boone v. State*, Nos. 01–04–00870–CR, 01–04–00871–CR, 01–04–00882–CR, 2005 WL 1474454, at *4 (Tex. App.—Houston [1st Dist.] June 23, 2005, no pet.) (mem. op., not designated for publication) (affirming Boone's convictions for aggravated assault and aggravated assault of public servant).

*Johnson*, 995 S.W.2d at 929. Thus, we disregard the error. *Id.* We overrule Boone's sole issue.

## Conclusion

We affirm the trial court's judgment.


Russell Lloyd
Justice


Panel consists of Chief Justice Radack and Justices Brown and Lloyd.

Do not publish.   TEX. R. APP. P. 47.2(b).